PEOPLE v. BUDD.

1. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—HANDKERCHIEF OVER FACE OF ROBBER—MURDER.

In prosecution for murder perpetrated in the commission of a robbery by robbers with handkerchiefs to their faces, admission of testimony of officer that a handkerchief, positively identified as worn by defendant on his face at time of robbery, was found in a place which defendant frequented *held*, not error.

2. SAME—ERRONEOUS ADMISSION OF EVIDENCE—IDENTIFICATION.

Improper admission in evidence of letter, addressed to defendant at hotel which he frequented, *held*, not prejudicial error in view of showing made as to his presence at such hotel in prosecution for murder committed in course of robbery armed in which defense of alibi was interposed.

3. SAME—STATEMENT TAKEN AFTER ARREST.

Reception in evidence, in prosecution for murder perpetrated during commission of a robbery, of statement taken from defendant after his arrest *held*, not reversible error, where such statement was not a confession and contained nothing detrimental to defendant except refusal to answer some questions and statement of fact contradicted by another witness and, in view of other testimony, jury would not be prejudicially influenced by such statement.

4. SAME—REMARKS OF COURT AND COUNSEL—SAVING QUESTIONS FOR REVIEW—WITNESS AGAINST ONESELF—HATS.

Remarks of court and prosecutor, made before jury at trial and incident to trying on defendant's head of hat dropped at scene of murder perpetrated in course of robbery *held*, not reversible error, where defendant did not claim a mistrial, did not object to language used and did not request an instruction thereon, since defendant had no right to try on the hat before the jury without becoming a witness for himself.

5. SAME—EVIDENCE—HATS.

Refusal of court to permit an officer to state whether hat found at scene of crime fitted defendant when tried on him after his arrest, if error at all, *held*, not reversible, where jury had previously had the opportunity by personal view to determine the fit of the hat for themselves.

6. SAME — REQUESTS TO CHARGE — CIRCUMSTANTIAL EVIDENCE — INSTRUCTIONS.

In prosecution for murder perpetrated in commission of robbery, refusal of court to give request to charge upon effect of circumstantial evidence *held*, not error where case was almost entirely one of direct, not circumstantial, proof and court very fully and clearly instructed jury as to the elements of the case and effect of the evidence.

7. SAME—FAILURE OF DEFENDANT TO TAKE STAND IN OWN BEHALF—REQUESTS TO CHARGE.

Proper request to charge relative to defendant's failure to take stand in his own behalf, proffered by defendant, is better given than refused, in order to save possible error.

8. SAME—REFUSAL TO TAKE STAND—INSTRUCTIONS—ADVICE OF COUNSEL.

Charge of court that defendant ''refused and neglected to take the stand to testify in his own behalf'' given in lieu of defendant's proffered request in proper form and after full charge upon burden of proof, presumption of innocence, elements of offense and otherwise safeguarding all the rights of the accused, *held*, not reversible error in view of court's suggestion defendant may have acted on advice of counsel.

9. SAME—FAIR TRIAL—CREDIBILITY OF IDENTIFYING WITNESSES—ALIBI.

In prosecution for murder perpetrated during commission of robbery, where determination was principally a matter of credibility as between witnesses who identified defendant as murderer and witnesses supporting alibi, court carefully guarded defendant's rights, and such errors as crept into the trial were slight and inconsequential and not at all prejudicial, defendant is *held*, to have had a fair trial.

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted January 14, 1937. (Docket No. 122, Calendar No. 39,078.) Decided March 1, 1937.

Jack Budd, alias Jack Blum, alias Jack Butensky, was convicted of murder. Affirmed.

*Sidney Sherman,* for appellant.

*Raymond W. Starr,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, *William L. Brunner, James Ralph Garber* and *William S. Dowling,* Assistant Prosecuting Attorneys, for the people.

FEAD, C. J. Defendant was convicted of murder perpetrated in the commission of a robbery.

It was claimed that about 2 o'clock in the afternoon of September 27, 1935, defendant and another, while a third remained outside, entered a restaurant in the city of Detroit, with drawn revolvers, to commit a robbery; that defendant shot and killed Frank Olson, a customer; that the robbers had handkerchiefs to their faces and defendant dropped his hat when he left. Three witnesses positively identified defendant as the killer of Olson. The defense was an alibi, that defendant was at a barber shop when the crime was committed.

A handkerchief, identified by a witness as the one defendant held to his face at the time of the robbery, was found by an officer at a hotel. Defendant claims as error the testimony of the officer as to the finding of the handkerchief, of a witness as to the defendant's occasional presence in the room where the handkerchief was found, and a showing that a letter was received at the hotel directed to defendant. In view of the positive identification of the handkerchief as defendant's, there was no error in showing that it was found in a place which he was frequenting. The letter was not so connected with the defendant as to be admissible but, in view of the showing of defendant's presence at the hotel, the error was not prejudicial.

The officers took a statement from defendant after his arrest. It was not a confession. It contained nothing detrimental to him except his refusal to answer some questions and the fact that he stated he was interested in a vending machine business. His alleged partner was permitted to deny the claim. The people do not attempt to sustain the admissibility of the testimony. They merely contend its reception was not reversible error. In view of the principal testimony and issue in the cause, it is not imaginable that the jury was prejudicially influenced by it.

The hat dropped at the scene of the crime was produced at the trial. Defendant's attorney requested him to try it on. The assistant prosecuting attorney objected, saying, ''All right, you put your man on the stand, and we'll agree to it,'' and when the objection was made the court remarked, ''He is not sworn yet.'' Defendant's counsel then denied that it was the duty of defendant to take the stand, waived all constitutional privileges and defendant was then permitted to try on the hat in the presence of the jury.

The remarks by the court and the prosecutor might better have been left unsaid. But they do not constitute reversible error because defendant had no right to try on the hat before the jury without becoming a witness for himself; defendant did not claim a mistrial; nor did he object to the language used or request an instruction thereon.

Later in the trial the court refused to permit an officer to state whether the hat fitted defendant when it was tried on him after his arrest. The error, if any, was not prejudicial because the jury had the opportunity by personal view to determine the fit of the hat for themselves.

Defendant proffered a request, in the usual form, to charge upon the effect of circumstantial evidence, which the court refused to give. The case was almost entirely one of direct, not circumstantial, proof. The charge very fully and clearly instructed the jury as to the elements of the case and the effect of the evidence and there was no error in refusing the request.

Defendant presented a request in proper form upon his failure to take the stand in his own behalf. Such requests, if proper, are better given in the words of the defendant because they save possible error. Instead of so charging, the court stated to the jury:

"Now, the defendant in this case, members of the jury, has refused and neglected to take the stand to testify in his own behalf. That is his privilege and that is his right. He may do so or not as he sees fit or as he may have been advised by his counsel, and the fact that he has refused and neglected to take the stand to testify in his own behalf, cannot be considered by the court, cannot be considered by the prosecution, nor the defendant, nor the jury, because, as I said before, if the State brings a person into court charged with violating any of the criminal laws and presents the case to the jury, it is the duty of the State, before they ask the jury to convict, to prove every element of the offense charged necessary to convict."

Preceding this, the court had charged the jury very fully upon the burden of proof, the presumption of innocence, the elements of the offense, and had safeguarded all the rights of the accused. Defendant's strenuous claim that the word "refused" left the inference with the jury that there was a duty on the defendant's part to take the stand is hardly ten-

able, particularly in view of the court's suggestion that he may have acted on advice of counsel.

Determination of the cause was principally a matter of credibility as between the witnesses who identified defendant as the murderer and those who supported his alibi. Defendant had a fair trial in which his rights were carefully guarded by the court and such errors as crept into the trial were slight and inconsequential and not at all prejudicial.

Affirmed.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.