THE PEOPLE v. WILLIAM HENSHAW.

*Witnesses named on information.*

1. In a prosecution for larceny from the person the refusal of the court to require the prosecuting attorney to call a particular witness whose name was indorsed upon the information was *held* to be no error where there was no claim that the witness was present at the commission of the offence.

2. The conclusions of a jury in a criminal case cannot be disturbed upon exceptions before judgment, if there was any evidence tending to prove the fact agreed on.

Exceptions before judgment from the Recorder's Court of Detroit. (Swift, J.) Jan. 29.—Feb. 6.

INFORMATION for larceny from the person. Conviction affirmed.

Attorney General *Jacob J. Van Riper* and Assistant Prosecuting Attorney *George F. Robison* for the People.

*Henry N. Brevoort* and *Henry M. Cheever* for respondent. The People are bound to call witnesses whose names are indorsed on the information. *Hurd v. People* 25 Mich. 415; *Mäher v. People* 10 Mich. 225; *Chapman's Case* 8 C. & P. 558; Roscoe's Crim. Ev. 164 n.

CHAMPLIN, J. The respondent was charged with larceny from the person of Milton H. Butler, September 1, 1881. He was brought to trial in October, 1883, in the Recorder's court of the city of Detroit, which resulted in a conviction. The case comes here on exceptions before judgment.

That the crime of larceny from the person was committed was not questioned, but whether the prisoner was the person who committed it was disputed. Evidence was introduced tending to prove the identity of the prisoner as the one who committed the offense, and the question as to whether he was the guilty party was fairly submitted by the court to the jury; and so long as there was evidence having a tendency to prove the fact we cannot disturb the conclusion at which they have arrived.

A person by the name of James McGuire, who was at the time of the larceny on the police force, and who helped to arrest the parties who robbed Butler, was present in court at the time of trial. His name was indorsed on the information as one of the witnesses for the People. He was not present at the robbery, but assisted in making the arrest at the foot of Woodward avenue. The prosecution

was about to rest the case when the counsel for respondent requested the court to direct the prosecuting attorney to call James McGuire as a witness, which he declined to do and the respondent's counsel excepted.    And this is claimed to be error; and in support of the proposition the case of *Wellar v. People* 30 Mich. 23 is cited.    That case is distinguishable from the present in two important particulars— *first*, it was a case of homicide; and *second*, the witnesses referred to were those who could give testimony going to the proof of the corpus delicti.    And the court said "The fact that the name of a witness is indorsed on the information does not of itself involve any necessary obligation to do any more than have the witness in court ready to be examined."    It was not claimed that McGuire was present at the robbery, and upon the question of identification he was no more qualified to testify than any other person who had acquaintance with the person to be identified.

There is no error in the record and the Recorder's court is advised to proceed to judgment.

The other Justices concurred.