## PEOPLE *v.* WHITTEMORE.

1. RAPE—LACK OF PREGNANCY NOT MATERIAL.
   In a prosecution for statutory rape, the trial judge was not in error in refusing to instruct the jury that lack of pregnancy might be considered upon the issue of whether there was sexual intercourse.[1]

[1] Rape, 33 Cyc. p. 1502.

2. INDICTMENT AND INFORMATION—VIDELICET—ACT CHARGED RATHER THAN DATE GOVERNS.

Where the information alleged that the offense of statutory rape was committed "on about the 28th day of August, A. D. 1923," there was no error in not confining the prosecution to that particular day; the occasion charged being specific, and the act charged rather than a particular day alleged under *videlicet* governs (3 Comp. Laws 1915, § 15746).[2]

3. SAME—VARIANCE.

A *videlicet* avers a date tentatively, and unless a particular day or date is essential to a crime there is no variance if the evidence shows that the very crime charged was actually committed on a different date.[3]

4. CRIMINAL LAW—FAILURE TO CALL WITNESS INDORSED ON INFORMATION NOT ERROR.

Failure of the prosecution to call a witness whose name was indorsed on the information was not error, where he was not a *res gestæ* witness, no request that he be called was made, and the record indicates that he was in court.[4]

5. SAME—APPEAL AND ERROR—ERROR MUST APPEAR AFFIRMATIVELY—ARGUMENT OF COUNSEL.

Under the rule that error must appear affirmatively, the Supreme Court may not take up a disputed question as to whether the prosecuting attorney made an improper statement in his argument to the jury, as alleged by defendant's counsel, where the prosecutor denies making said statement, no stenographer was taking the argument, and the trial judge, who was listening, states that he heard nothing that struck him as improper.

6. SAME—EVIDENCE—WEIGHT OF EVIDENCE.

Conviction of defendant of the offense of statutory rape, where the prosecutrix affirmed, and defendant denied, the act of sexual intercourse, *held*, not against the weight of the evidence.

Exceptions before judgment from Barry; McPeek (Russell R.), J. Submitted January 15, 1925. (Docket No. 125.) Decided April 3, 1925.

[2]Indictments and Informations, 31 C. J. § 454; [3]Id., 31 C. J. § 454; [4]Criminal Law, 16 C. J. § 2133.

Harry Whittemore was convicted of statutory rape. Affirmed.

*John M. Gould* and *Joseph L. Hooper*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Kim Sigler*, Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of statutory rape upon his 13-year old step-daughter.    He requested the trial judge to instruct the jury that lack of pregnancy could be considered upon the issue of whether there was sexual intercourse.    This was refused.    Counsel contend that inasmuch as pregnancy may be shown the converse ought to be true.    No authority is cited.    Pregnancy speaks of sexual intercourse, but lack of pregnancy does not speak either way on the subject.    It was at the most a subject for argument.    There was no error in refusing the instruction.

The information alleged the crime was committed "on about the 28th day of August, A. D. 1923," and defendant claims there was error in not confining the prosecution to that particular day.    He claims he came to trial prepared to and did establish his presence elsewhere the day alleged and he should not have been called on to meet the charge on any other day. The occasion charged was specific, and the court was not in error in letting the act charged, and not a particular day alleged under *videlicet*, govern.    A *videlicet* avers a date tentatively, and unless a particular day or date is essential to a crime there is no variance if the evidence shows that the very crime charged was actually committed on a different date. Upon this subject see *Turner* v. *People*, 33 Mich. 363; *People* v. *Nichols*, 159 Mich. 355; *People* v. *Townsend*, 214 Mich. 267 (16 A. L. R. 902) ; 3 Comp. Laws 1915, § 15746.

The name of Herman Fuhr was indorsed on the in-

formation but he was not called as a witness. Defendant insists there was error in not calling Mr. Fuhr. Mr. Fuhr was not a *res gestæ* witness, no request that he be called appears to have been made, and the prosecution did not have to call him. The record indicates the witness was in court. *People* v. *Quick,* 51 Mich. 547; *People* v. *Henshaw,* 52 Mich. 564. See, also, *Wellar* v. *People,* 30 Mich. 16; *People* v. *Grant,* 111 Mich. 346. Upon the record before us there is no merit in the point.

During the closing argument of the prosecuting attorney, counsel for defendant stated:

"I wish to take exception to the statement just made by the prosecuting attorney relative—wherein he calls upon the jurors to ask how they would like to have something of this nature happen to their own daughters, as an improper argument, one calculated to prejudice the jury, and as one which is unfair to the respondent."

The prosecuting attorney denied making the statement. No stenographer was taking the argument, but the trial judge was listening to the argument and stated there was nothing said that struck him as improper. We cannot assume that the argument was made as claimed by counsel for defendant. In this we do not impugn counsel, but adhere to the rule that error must appear affirmatively, and we cannot take up a disputed question of this nature and determine it here, in order to say whether error was committed at the trial.

The letters written to the complaining witness by Charles King were properly excluded so far as this record discloses. The letters do not appear in the record, neither is it shown they had any bearing upon the issue.

We cannot hold the verdict against the weight of evidence. The girl affirmed and the defendant denied the act of sexual intercourse. Perhaps the

testimony of a sister of the complaining witness, that defendant at the first trial suborned her to commit perjury in his defense, and she later confessed her perjury and pleaded guilty, had something to do with the view the jury took of the weight they would accord defendant's testimony.    In this kind of a case, if the crime is committed, one hardly expects to have observers called.    We discover no reason for disturbing the verdict.

We have considered the points mentioned in the brief of counsel for defendant and find no reversible error.

The conviction is affirmed, and the circuit court advised to proceed to judgment.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.