PEOPLE v. LUMMIS.

CRIMINAL LAW—STATUTORY RAPE—FAILURE TO SHOW SPECIFIC ACT. Conviction of statutory rape, alleged to have been committed on or about certain date, is affirmed, on appeal, where there was evidence of repeated acts of intercourse before and at about date alleged, although no specific act of intercourse was pointed out or segregated by prosecution, on which conviction was had.
POTTER, NORTH, and FEAD, JJ., dissenting.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 14, 1932. (Docket No. 167, Calendar No. 36,115.) Decided October 3, 1932.

Barclay Pat Lummis was convicted of statutory rape. Affirmed.

*W. J. Barnard,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Edward A. Bilitzke,* Assistant Attorney General, for the people.

SHARPE, J. Defendant here seeks review of his conviction on the charge of having committed the crime of rape upon the person of Lucile Button, a female child of the age of 14 years. The young girl's mother was the wife of the defendant. The offense was alleged to have been committed on or about the first day of February, 1931.

1. It is urged that no "specific act of intercourse" was "pointed out or segregated" on which conviction might be had. Lucile testified:

"About the first of February last I was living on Harrison street and I had intercourse with my stepfather.

"*Q.* How many times?

"*Mr. Barnard:* I object to that until they first show what act they rely upon, if the court please.
\* \* \*

"*Mr. Larmonth:* I am getting at that, about the first of February. That is when we allege the offense was committed.

"*Mr. Barnard:* Do I understand, Mr. Attorney General, that you are relying on an act that took place in this case, that is what you predicate your action on, as occurring on or about the 1st of February, 1931?

"*Mr. Larmonth:* Yes.

"*Mr. Barnard:* All right.

"Along about that time I had intercourse with my stepfather, yes; and had intercourse with him during the month of January, 1931."

She also testified that the offense was committed in a room in the defendant's house and during the

absence of her mother. The court in his instructions to the jury said:

"The State does not attempt to fix the exact, precise date and the State is not required to fix the exact calendar date; but the State is required to rely upon some one transaction for a conviction. * * *

"The theory and claim of the State in this case is, that this offense was committed repeatedly in the same place, the same room, the same house, at about the same hour of the day, and without giving or attempting to give you any particular—especially particular details as to the particular transaction or occasion on which the State relies for a conviction, it is left to you to say whether or not on or about the 1st of February, in this room, in that home where these parties lived, this respondent and his stepdaughter, the girl Lucile, had sexual relations, and whether or not at that time she was under 16."

We find no error in the admission of this proof or in the charge of the court in this respect. 3 Comp. Laws 1929, § 17265; *People* v. *Schultz*, 238 Mich. 15.

2. When the prosecution had rested, defendant's attorney asked that Alice Walsh and Arthur Webster, whose names were indorsed on the information as witnesses, be produced. Mrs. Walsh was then called. A controversy arose as to whether defendant's counsel had the right to cross-examine her. The court ruled that he had. The question then arose as to whether he would be bound by her answers, and the court, without expressly ruling thereon, intimated that he would. Counsel then declined to ask the witness any questions. No claim is made that these were *res gestæ* witnesses. The prosecution stated that they might be used in rebuttal.

The statute requires the prosecuting attorney to indorse on the information "the names of the wit-

nesses known to him at the time of filing the same."
3 Comp. Laws 1929, § 17254. No duty is imposed
upon him to indorse thereon the names of witnesses
which he may find it necessary to call in rebuttal.
On application he may have such names indorsed
when he seeks to call them. *People* v. *Tamosaitis,*
244 Mich. 258. If, however, he does indorse the
name of a person not a *res gestæ* witness, he must
have him in court, but need not call him as a witness.
*People* v. *Whittemore,* 230 Mich. 435.

"The fact that the name of a witness is indorsed
on the information, does not of itself involve any
necessary obligation to do any more than have the
witness in court ready to be examined." *Wellar* v.
*People,* 30 Mich. 16, 22.

See, also, *People* v. *Henshaw,* 52 Mich. 564.

A defendant has the right to rely on the fact that
such a witness will be present. If his counsel an-
nounces that he desires to examine him, the prosecu-
tion should call him to the stand, thus evidencing the
fact that he has performed his duty in that respect.
By doing so, he does not make him a witness for the
people. The defendant is under no obligation to ex-
amine him, but, if he chooses to do so, he becomes his
witness. The general rule seems to be that he may
cross-examine him, but, in doing so, he makes him
his own witness. 1 Wharton's Criminal Evidence
(10th Ed.), p. 942; 16 C. J. p. 846.

3. A young girl, 13 years of age, named Anna
Surdick, was called as a witness for the defendant.
She stated that she knew Lucile and had some talk
with her in April last. She was then asked:

"*Q.* I will ask you this: Did she say to you that
she hated her father and mother and she wished her
mother would die?

"*A*. She didn't say anything about her father.
"*Q*. What did she say about her mother?
"*A*. She said she wished her mother would die because she was so mean to her."

Error is assigned upon the action of the court in striking out this testimony. Lucile had not been interrogated about this conversation. The question was not asked for the purpose of impeachment, and it and the answer thereto were properly stricken from the record.

4. Defendant called as a witness a neighbor, who testified that Lucile's general reputation for truth and veracity in the neighborhood in which she resided was bad. On cross-examination, counsel was permitted to interrogate her about statements made to her by Lucile's grandfather and grandmother that she was truthful. A person's reputation for truth and veracity is dependent upon the voice of the community in which he or she lives.

"An impeaching witness may be cross-examined fully as to the extent and source of his knowledge respecting the general reputation of another witness. And great latitude is to be allowed in the cross-examination as to this point." 28 R. C. L. p. 631, and cases cited.

We find no error in that here permitted or in the cross-examination of other witnesses along similar lines.

5. The information contained a count for taking indecent liberties. Error is assigned upon its withdrawal from consideration by the jury. There is no merit in this contention. *People* v. *Eddy,* 252 Mich. 340.

The other errors relied upon have received due consideration. Further discussion seems unneces-

sary. In our opinion the defendant had a fair and impartial trial, and the verdict rendered is supported by the evidence.

The judgment is affirmed.

CLARK, C. J., concurred with SHARPE, J.

WIEST, J. (*concurring in result*). I concur in the affirmance, but do not accept the holding relative to cross-examination of a witness indorsed on the information in behalf of the prosecution.

The ruling at the trial required defendant to vouch for the credibility of the witness if cross-examined. But it is said that the witness was for the purpose of rebuttal only. When the name of a witness is indorsed on the information and the witness is present at the trial and called by the prosecution at the demand of the defendant there is no shifting from that of a witness for the prosecution to that of requiring defendant to cross-examine at the peril of being bound by what the witness says.

The ruling was erroneous, but I cannot find that it resulted in a miscarriage of justice.

McDONALD and BUTZEL, JJ., concurred with WIEST, J.

NORTH, J. (*dissenting*). Under the record presented on this appeal, it appears to me the conviction of defendant should be set aside and retrial ordered.

Defendant's counsel timely urged before the trial court that it was essential to a fair trial of the defendant that the prosecuting attorney should designate "the particular act or transaction" upon which the prosecution relied; and "the court should not permit the jury to speculate and say at some time, somewhere, that this respondent had had intercourse

with the prosecutrix.'' In this connection the circuit judge said:

"I had always supposed that a man being placed on trial for crime would be entitled to have it made perfectly clear to him, either by a bill of particulars or at least by evidence on trial, as to the exact time and place it is claimed he committed the crime upon which the prosecution relied for a conviction.

"I realize that the people are not held to exact proof of the precise date alleged, but the people are bound at some time, before or in the trial, to indicate the transaction, to select one particular transaction. * * *

"I have been almost constantly engaged in the trial of criminal cases in this court these many years, and this is the first case that has ever come to my notice within my experience in which the prosecution did not point out the occasion, the transaction, something peculiar, something that would fix it and give it individuality."

Immediately following the above remarks of the court the assistant attorney general in charge of the prosecution said:

"I think, your honor, the little girl has fixed it some time along the latter part of January or fore part of February, just as near as she could. * * * Here is an occurrence that has been going on for two years. It had got to be a habit, if her testimony is true. There would be nothing to fix in her mind any one particular act."

Unquestionably the foregoing statements of the trial judge were in accord with the established law of this jurisdiction. It is not necessary to prove the exact day or date, but the particular act of sexual intercourse relied upon by the prosecution must in some manner be identified. Notwithstanding this well-settled rule of law, the prosecution did not make

a definite election of a specific offense for which the
defendant was being prosecuted, except to state that
it was an act which occurred "on or about the first
of February, 1931." The case went to the jury un-
der the charge of the court wherein it was correctly
stated:

"The State does not attempt to fix the exact, pre-
cise date, and the State is not required to fix the
exact calendar date, but the State is required to re-
ly upon some one transaction for a conviction. * * *
Any man accused of crime is entitled to be advised
as to the nature of the accusation, of the time and
place that the act is claimed to have been committed,
so that if he has a defense he may prepare to meet
such accusation."

But immediately preceding the above-quoted por-
tion of the charge, the court had said to the jury:

"It is the claim of the people, the prosecution,
that this was one of the last acts or possibly the last
act of that sort of a large—long series of sexual acts
between these same parties during the period of two
years and upwards."

And the circuit judge in this connection also
charged:

"The theory and claim of the State in this case
is, that this offense was committed repeatedly in
the same place, the same room, the same house, at
about the same hour of the day, *and without giving
or attempting to give you any particular—especially
particular details as to the particular transaction
or occasion on which the State relies for a conviction,
it is left to you* to say whether or not on or about the
1st of February, in this room, in that home where
these parties lived, this respondent and his step-
daughter, the girl Lucile, had sexual relations, and
whether or not at that time she was under 16."

That the defendant was prejudiced by having his case thus submitted to the jury cannot be doubted, in view of the character of the testimony of the prosecutrix, which in part was as follows:

"I first had intercourse with my stepfather two or three years ago. * * * I claim from that time on up to the first of February we had intercourse once or twice a week; and the only time we had intercourse was in the house in the bedroom upstairs, about seven o'clock in the morning, * * * when I was going to school it was before I went to school and I went to school right along. * * * I don't remember what day in February it was I had intercourse with my stepfather. I don't know whether it was about the first of February—what day of the week it was. It was on a school day before I went to school."

The record is barren of any testimony except that of the prosecutrix tending to identify the act of intercourse relied upon by the prosecution. In this case wherein the prosecution was claiming there were numerous acts of sexual intercourse within a few weeks either prior to or subsequent to February 1, 1931, the manner in which the case was submitted to the jury made it possible, and even probable, that defendant was convicted without the jurors being able to agree upon any particular or specific occasion on which the offense charged was committed. Under the record we are constrained to hold there was prejudicial error.

Consideration of numerous other reasons assigned in support of the appeal has not disclosed reversible error; but for the reason above noted the conviction should be set aside and a new trial granted.

Potter and Fead, JJ., concurred with North, J.