## PEOPLE v. CHANEY

1. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE—IN-
   DORSEMENT—ACCOMPLICES—APPLICATION.
      The statutory rule requiring the people to indorse on an in-
      formation all *res gestae* witnesses known to the prosecution
      at the time of filing such information does not apply to a
      defendant's accomplices (MCLA § 767.40).

2. INDICTMENT AND INFORMATION—WITNESSES—UNKNOWN—INDORSE-
   MENT.
      The people are under no obligation to indorse the names of
      witnesses upon an information when their names or where-
      abouts are unknown to the people at the time that an in-
      formation is filed (MCLA § 767.40).

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 January 8, 1970,
at Detroit. (Docket No. 5,932.) Decided January
26, 1970.

Lonnie Howard Chaney was convicted in a bench
trial of unarmed robbery. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Robert A. Reuther,* Assistant
Prosecuting Attorney, for the people.

*Virginia Sobotka,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant was convicted by the trial court upon waiver of a jury trial of unarmed robbery[1] and sentenced to a prison term of 3 to 15 years.

Defendant claims error in plaintiff's failure to indorse and produce certain alleged *res gestae* witnesses,[2] *i.e.*, the three or four other youths present at the time of the robbery. One of these witnesses was arrested at the same time as the defendant. He is therefore considered an accomplice to the crime. The rule requiring the people to indorse on the information and call all *res gestae* witnesses does not apply to accomplices. *People* v. *Virgil Brown* (1969), 15 Mich App 600. With regard to the other witnesses, there is no evidence that the plaintiff knew their names or whereabouts until defendant mentioned them on the witness stand. Apparently they ran from the scene of the crime before the arrival of the police. The people are under no obligation to indorse the names of unknown witnesses upon the information. *People* v. *Todaro* (1931), 253 Mich 367, affirmed on rehearing (1932), 256 Mich 427. MCLA § 767.40 (Stat Ann 1969 Cum Supp § 28.980).

Defendant's second claim of error concerns the prosecutor's allegedly prejudicial remarks during closing argument. Again no objection was made below. Examining the record we do not find any error in the closing argument.

Defendant's third allegation of error arises out of the colloquy had before commencement of proofs:

---

[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
[2] MCLA § 767.40 (Stat Ann 1969 Cum Supp § 28.980).

*"The Court:* Any opening statement?

*"Mr. Poehlman* [prosecutor]: Waive opening statement.

*"Mr. Cohn:* I will waive opening statement."

The defendant now claims that each counsel waived his own opening statement but not opposing counsel's and therefore a violation of GCR 1963, 507.1 occurred:

"Before the introduction of any evidence, the attorney for the party who is to commence the evidence shall make a full and fair statement of his case and the facts he intends to prove. Immediately, thereafter, or immediately prior to the introduction of evidence by the adverse party, the attorney for the adverse party shall make a like statement. The opening statements may be waived with the consent of the court and opposing counsel."

There was no objection below to this claimed omission. We find no violation of the spirit of the rule.

Finally, defendant claims there was insufficient evidence produced at trial to support a finding of guilt beyond a reasonable doubt. We disagree. Defendant's claim is not supported by the record.

Affirmed.