PEOPLE *v.* CRABLE

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—FAILURE TO PRODUCE—DILIGENCE.

> The people have the duty to indorse all known *res gestae* witnesses on the information and to use due diligence to produce them at trial.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—FAILURE TO PRODUCE—DUE DILIGENCE—ABUSE OF DISCRETION.

> Efforts of the prosecution to produce as a *res gestae* witness a physician who had examined the complainant in a prosecution for rape and whose testimony was crucial to the defense, consisting of giving a process server a subpoena for the witness a week before trial, and, upon being informed that he had left the hospital where he had been employed and was touring the country before going to Africa as a medical missionary, making no further attempt to locate him or to determine whether he would return to the county before leaving the country were so inadequate that the trial court's finding that the prosecutor had exercised due diligence was an abuse of discretion.

3. CRIMINAL LAW—CONTINUANCE—DISCRETION.

> Denial of defendant's motion for a continuance of his trial for rape, after he was informed the day before trial started that a witness indorsed on the information, a physician whose testimony was crucial to defendant's theory of defense, would not be available at trial, was an abuse of discretion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  53 Am Jur, Trial § 8.
    21 Am Jur 2d, Criminal Law § 328.
[3]  21 Am Jur 2d, Criminal Law § 237.
[4]  58 Am Jur, Witnesses § 734 *et seq.*
    29 Am Jur 2d, Evidence § 327.

4. Criminal Law—Defendant Testifying—Impeachment—Prior Convictions.

> A defendant testifying for himself in a criminal case may not, to test his credibility, be questioned about a prior conviction of crime which is later set aside.

Appeal from Berrien, Philip A. Hadsell, J. Submitted Division 3 February 4, 1971, at Grand Rapids. (Docket No. 9109.) Decided April 28, 1971.

Wallace Crable, Jr., was convicted of rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Robert W. Cary,* for defendant on appeal.

Before: Fitzgerald, P. J., and V. J. Brennan and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by a jury on the charge of rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788), and was sentenced to serve 15 to 25 years in prison. Defendant appeals from the conviction.

Defendant was a tenant worker on complainant's father's farm. The complainant testified that she went to defendant's cabin to get him to help start a tractor. Complainant then testified that when she stepped inside the cabin to inspect a battery defendant had, she was grabbed and hit by the defendant who promised he would stop only if she took off her clothes. It was by this means that defendant was allegedly able to commit the crime of rape.

Defendant maintained that he had engaged in sexual intercourse with the prosecutrix several times with her permission and that on the day of the alleged rape the prosecutrix had consented to having sexual intercourse with defendant. The prosecutrix testified that she never had voluntary sexual intercourse with the defendant, that she was a virgin until the defendant raped her.

A physician examined the prosecutrix immediately after the alleged rape. Although the doctor's name was indorsed on the information as a *res gestae* witness, the prosecutor was unable to produce him at trial.

The trial court found that the people exercised due diligence in attempting to locate the missing witness and, therefore, allowed his name to be withdrawn from the information. Defendant contends that the trial court's ruling constitutes reversible error.

It is the duty of the prosecutor to indorse all known *res gestae* witnesses on the information and to use due diligence to produce such witnesses at the trial. *People* v. *Serra* (1942), 301 Mich 124; *People* v. *Kern* (1967), 6 Mich App 406. The process server testified that he received the subpoena for the physician about a week before the trial. He then went to the hospital where the doctor was employed and learned that the doctor had left the hospital staff and was touring the country prior to leaving for Africa as a medical missionary. No further attempt was made to locate the doctor or to discover whether he intended to return to Berrien County before leaving the country. The trial court's finding of due diligence was based solely upon the above testimony.

We consider the efforts of the prosecution in this case to be so inadequate that the trial court's finding

of due diligence amounts to an abuse of that court's discretion. It is apparent that the doctor, who was the only person who examined the prosecutrix and could testify to the existence of any condition which would tend to corroborate defendant's story, was a very crucial witness. To wait until a week before trial to serve the subpoena and then, upon finding the doctor no longer employed at the hospital, to simply accept the word of other employees that the doctor was no longer in the area, does not constitute sufficient effort to satisfy the requirement of due diligence. The finding of due diligence by the trial court is, therefore, reversible error.

In addition, the defendant was not informed that the doctor would not be available to testify until the day before the trial. Defendant moved for a continuance, but the motion was denied. To deny a motion for a continuance when the defendant is informed on the day before trial that the only witness who is crucial to his whole theory of defense will not be available, is a manifest abuse of discretion. Since the presence of the witness was so crucial to defendant's case, the failure to grant the continuance is also reversible error.

Defendant on cross-examination was questioned about a prior conviction which had subsequently been set aside. A defendant may, of course, be questioned about prior convictions for purposes of testing his credibility;[1] but this court decided in *People* v. *Brocato* (1969), 17 Mich App 277, that a defendant may not be questioned about prior arrests which did not result in a conviction. We consider questions about a conviction, which is later set aside, to be equally inappropriate.

Although it was not error for the defendant to be questioned about the conviction since the trial took

[1] See *People* v. *Payne* (1970), 27 Mich App 133.

place prior to *Brocato*,[2] on remand such questioning should be restricted to crimes for which the defendant was arrested and which led to an unvacated conviction.

Reversed and remanded.

---

[2] This Court so ruled in *People* v. *Ruppuhn* (1970), 25 Mich App 62.