PEOPLE *v.* TONEFF

CRIMINAL LAW—WITNESSES—ACCOMPLICES—INDORSEMENT.
  The prosecution is not obligated to indorse and call accomplices.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 November 9, 1971, at Detroit. (Docket No. 10182.)   Decided November 26, 1971.

Larry N. Toneff was convicted of breaking and entering with intent to commit a larceny.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *Richard E. Lamb,* Assistant Prosecuting Attorney, for the people.

*E. J. McCormick, Jr.,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM.   Defendant was found guilty by a jury of breaking and entering with intent to commit a larceny.   MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).   Defendant appeals and asserts that

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 3.

reversible error resulted from (1) the failure of the prosecutor to indorse on the information and call two accomplices and (2) the trial court's admission of a statement made by defendant to the police.

Although the prosecutor is under a general obligation to indorse and call as witnesses all noncumulative *res gestae* witnesses, this duty does not extend to the calling of accomplices. *People* v. *Virgil Brown* (1969), 15 Mich App 600; *People* v. *Chaney* (1970), 21 Mich App 120; *People* v. *Leroy Morgan* (1970), 24 Mich App 660; *People* v. *Alonzo Sanders* (1970), 28 Mich App 510; *People* v. *Moore* (1971), 29 Mich App 597. No error resulted from the failure of the prosecutor to indorse and call the two accomplices.

At trial defendant asserted that the statement given by him to the police was induced by a promise of leniency. A *Walker*[1] hearing was held. The trial court found that the statement was freely and voluntarily given and was not induced either by threats or promises. A determination of voluntariness by the trial court following a *Walker* hearing will not be overruled by this Court unless clearly erroneous. *People* v. *Hummel* (1969), 19 Mich App 266; *People v. Stewart* (1970), 25 Mich App 204; *People v. Werner* (1970), 26 Mich App 109; *People* v. *Kelly* (1971), 30 Mich App 154. A review of the record fails to substantiate any claim that the trial court's determination was clearly erroneous. The statement was, therefore, properly admitted into evidence.

Affirmed.

---

[1] *People* v *Walker* (on rehearing, 1965), 374 Mich 331.