PEOPLE v HENDERSON

1. CRIMINAL LAW—COURTS—JURISDICTION—WAIVER—STATUTES.

A criminal defendant waives the issue of failure to prove that the offense was committed within the jurisdiction of the court unless he shall have raised the question before the case is submitted to the jury (MCLA 767.45).

2. WEAPONS—CONCEALED WEAPONS—EVIDENCE—STATUTORY EXEMPTIONS—BURDEN OF PROOF.

A trial judge did not reversibly err when he neglected to charge the jury that the people bore the burden of showing defendant did not have a license to carry a pistol in a trial for carrying a pistol in a motor vehicle, because the burden is on a defendant to demonstrate that he comes within one of the statutory provisos or exemptions from criminal culpability (MCLA 750.227).

3. WEAPONS—EVIDENCE—JURY VERDICT—PISTOL—AUTOMOBILES—SCIENTER.

In a trial for carrying a pistol in a motor vehicle it is a completely reasonable inference from the admission by defendant of ownership of the gun and the evidence of the presence of the weapon in the vehicle occupied by the defendant that defendant was well aware of its presence (MCLA 750.227).

Appeal from Recorder's Court of Detroit, George C. Ryan, J. Submitted Division 1 January 11, 1973, at Detroit. (Docket No. 12646.) Decided March 26, 1972. Leave to appeal granted, 390 Mich 752.

Alex S. Henderson was convicted of carrying a pistol in a motor vehicle. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 379, 390.
[2, 3] 56 Am Jur, Weapons and Firearms § 10.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BASHARA and O'HARA,* JJ.

O'HARA, J. Defendant Alex Stamp Henderson was convicted by a Recorder's Court jury of carrying a concealed weapon in a motor vehicle, MCLA 750.227; MSA 28.424. He was sentenced to a term of 2-1/2 to 5 years in prison. His appeal is of right.

Defendant was riding in an automobile driven by John Rucker, on May 19, 1971, at approximately 8:15 p.m. in the City of Detroit. The car was stopped by uniformed police officers, John King and Gary Budd, for making excessive noise (a bad muffler). Rucker got out of the car. He could produce neither his operator's license nor registration for the vehicle. Officer King noticed the car's ignition was punched out.[1] Rucker was placed under arrest for not having an operator's license. MCLA 257.727; MSA 9.2427. Defendant Henderson was asked to step out of the car. The two were placed in the police car by the officers. Officer King returned to the other vehicle, searched it and found a loaded pistol under the driver's side of the front seat.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Subsequent events established that the car was not stolen, but merely borrowed from its rightful owner.

Defendant was given the *Miranda*[2] warning. Both officers later testified that Henderson admitted ownership of the gun concealed in the vehicle. Rucker and defendant denied such admission was made. A *Walker*[3] hearing was conducted in connection with admissibility of the weapon and the alleged statement by defendant, and the trial judge held them both admissible. The admissibility of the gun and the statement have not been raised on appeal.

On appeal defendant claims reversible error in the trial court's omission of four matters from his charge to the jury. It is claimed that the trial court erred in failing to *sua sponte* charge the jury that to find defendant guilty they must find beyond a reasonable doubt: (1) that the alleged offense occurred in the City of Detroit; (2) that the defendant did not have a license to carry a pistol; (3) that defendant knew the gun was in the car; (4) and that defendant intended to carry the gun in the car.

First, it is important to note that the situs of the crime was never a contested matter at trial. There appears adequate testimony on the part of the two officers that defendant was apprehended on a Detroit street. Moreover, such an issue is waived unless raised before the case is submitted to the jury. MCLA 767.45; MSA 28.985. Furthermore, the trial judge indicated the location of the offense charged in his reading of the information.

The next assignment of error relates to defendant's claim that the trial judge erred reversibly when he neglected to charge the jury that the people bore the burden of showing defendant did

---

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[3] The parties characterized it as a combined *Walker* and evidentiary hearing. *See People v Walker,* 374 Mich 331 (on rehearing, 1965).

not have a license to carry a firearm. *Per contra,* we understand it is still the law in this state that the burden is on a defendant to demonstrate he comes within one of the statutory provisos or exemptions from criminal culpability. *People v Jiminez,* 27 Mich App 633 (1970); *People v Rios,* 386 Mich 172 (1971); *People v Carey,* 36 Mich App 640 (1971).

Now as to the last two issues defendant raises on appeal, it is argued that the trial court committed reversible error by omitting from its charge the instruction that to return a guilty verdict the jury must find that defendant *knew* the gun was in the car and that he *intended to carry* the weapon in the vehicle.

While we recognize MCLA 750.227, *supra,* leaves something to be desired in the way of clarity, the statute provides in relevant part that:

" * * * any person who shall carry a pistol * * * on *or about* his person * * * whether concealed or otherwise, in any vehicle operated or *occupied* by him * * * shall be guilty of a felony * * * ." (Emphasis supplied.)

Precisely what the phrase the element of "intent to carry" a pistol in a car means is not at all apparent to this Court. Since the testimony includes the following statement by one of the police officers: "[The defendant] said the gun belonged to him", this admission coupled with defendant's presence in the vehicle would suffice to support a finding of guilty on the part of the jury.

Since defendant, in fact, owned the gun and it was in a car he "occupied" all that is left is "knowledge" or "scienter" as it is sometimes called.

Guilty knowledge, like specific intent, is most often not susceptible of proof by direct testimony.

By their very nature both elements must in most instances be inferred from other facts. We think it a completely reasonable inference from the admission of ownership and the fact of the presence of the weapon in the vehicle that the jury could conclude defendant was well aware of its presence.

As to this element the trial judge charged clearly that the testimony of the officers as to the dual facts of admission of ownership and presence of the handgun in the car must be believed beyond a reasonable doubt before you can convict. If the defendant wanted a more specific instruction it was his burden to object to the charge as given. No objection was made.

The statute and its companion court rule make our duty clear:

"No judgment or verdict shall be set aside * * * in any criminal case, on the ground of misdirection of the jury * * * unless * * * the error complained of has resulted in a miscarriage of justice." MCLA 769.26; MSA 28.1096. See also: GCR 1963, 529.

We have reviewed the whole record with care. It suggests to us no miscarriage of justice.

We affirm.

All concurred.