PEOPLE v MITCHELL

Opinion of the Court

1. Criminal Law—Accomplices—Indorsed Witnesses—Duty to Produce.

   The voluntary indorsement of a witness by a prosecutor carries with it the attendant burden of production because a defendant has a right to rely on the fact that such a witness will be present; therefore, when a prosecutor voluntarily indorsed an accomplice, although not required to under the accomplice exception to the res gestae rule, he is required to produce that witness at trial and may not be excused from producing that witness absent his inability to do so after a showing of due diligence in attempting to produce him.

2. Criminal Law—Accomplices—Indorsed Witnesses—Duty to Produce.

   The trial court erred in excusing a prosecutor from producing at trial an accomplice who was voluntarily indorsed on the information where the prosecution made no effort to secure the production of the witness, and where the case was grounded upon the testimony of another accomplice with the remainder of the evidence circumstantial, and the testimony of the absent witness was critical; the Court of Appeals cannot speculate whether the testimony would be cumulative but will reverse and remand for a new trial.

Dissent by O'Hara, J.

3. Criminal Law—Accomplices—Indorsed Witnesses—Duty to Produce.

   *The accomplice exception to the res gestae rule requiring the prosecutor to indorse all res gestae witnesses excuses the prosecutor from producing at trial an accomplice who was voluntarily indorsed.*

Reference for Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law § 118.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 February 6, 1973, at Lansing. (Docket No. 13463.) Decided July 23, 1973. Leave to appeal denied, 391 Mich —.

Gary Mitchell was convicted of breaking and entering with intent to commit a felony. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas J. Kizer, Jr.,* Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

BRONSON, P. J. Defendant was convicted by jury verdict of breaking and entering with intent to commit a felony and sentenced to serve a prison term of five to ten years. MCLA 750.110; MSA 28.305. From this conviction defendant appeals as a matter of right, raising three allegations of error: one allegation challenges the prosecution's failure to produce an indorsed accomplice at trial and the remaining allegations challenge the trial judge's consideration of defendant's juvenile record and dishonorable discharge for sentencing purposes.

The relevant facts may be briefly summarized as follows. Defendant and two companions, Michael McGuire and Clayton Parks, were charged with the instant crime for their participation in the theft of various items from Woody's Sunoco Station in Livingston County. At defendant's trial,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Clayton Parks testified for the people. Parks described the breaking and entering by stating that he and defendant confiscated two tires, a case of oil, various tools, and some gauges while McGuire stood watch outside. Although McGuire was indorsed on the information, the prosecution rested its case without his production. Defendant's counsel objected but the trial court accepted the prosecution's argument that it had no obligation to produce this accomplice.[1]

This ruling by the trial judge provides the impetus for defendant's first allegation of error. Defendant spearheads this allegation with a direct attack upon the rationale underlying the accomplice exception to the requirement that the prosecution must indorse all res gestae witnesses. After evaluating the controlling authorities, arguments, and competing considerations, we too are concerned about the propriety of this rule. A shadow of doubt is cast upon its vitality by MCLA 767.40a; MSA 28.980(1) which permits the prosecutor to impeach res gestae witnesses which he is obligated to call. The abundance of unambiguous Supreme Court precedent, whether ill-conceived or not, is binding upon this appellate court and defendant's arguments are more properly addressed to it. The frequency with which this argument is being raised may attract the much needed review by the Supreme Court. See, *e.g., People v Henderson,* 45 Mich App 511; 206 NW2d 771 (1973); *People v Margaret Jones,* 48 Mich App 334; 210 NW2d 396 (1973).

Our current recognition of the accomplice exception to the res gestae indorsement rule, dictated by

---

[1] McGuire was considered an accomplice although the prosecutor sponsored the *nolle prosequi* of the charge of breaking and entering against him subsequently entered upon his induction into the military service.

the strictures of precedent, affords the prosecution
no relief. Although the prosecution had no obliga-
tion to indorse the accomplice McGuire, it chose to
voluntarily indorse him. In view of this voluntary
indorsement, the prosecution's undaunted reliance
upon the accomplice exception violates notions of
logic. It is elementary that the voluntary indorse-
ment of a witness carries with it the attendant
burdens of production. In *People v Lummis,* 260
Mich 170, 173; 244 NW 438 (1932), the Court
stated:

"If, however, he [prosecutor] does indorse the name of
a person not a *res gestae* witness, *he must have him in
court,* but need not call him as a witness." (Emphasis
added.)

Accord, *People v Whittemore,* 230 Mich 435; 203
NW 87 (1925); *People v Zabijak,* 285 Mich 164; 280
NW 149 (1938); *People v Kern,* 6 Mich App 406;
149 NW2d 216 (1967); *People v O'Dell,* 10 Mich
App 87; 158 NW2d 805 (1968); *People v Ivy,* 11
Mich App 427; 161 NW2d 403 (1968); *People v
Woodward,* 21 Mich App 549; 175 NW2d 842
(1970).

The rationale for this rule is found in the state-
ment by the *Lummis* Court that "[a] defendant has
the right to rely on the fact that such a witness
will be present". This direct statement of the
realistic trial practices and consequences flowing
therefrom cannot be ignored. We see no logical
reason for applying a different rule because the
indorsed witness is an accomplice for which no
original burden of indorsement exists. The present
defendant, whose preparation of his case revolved
in part around the potential testimony of Mc-

Guire, was no less injured when the prosecution rested its case without producing this accomplice.[2]

The cited authorities will excuse the nonproduction of an indorsed witness when the prosecution's efforts to obtain his presence at trial are diligent. This due diligence standard should likewise apply to the indorsement of an accomplice. In the case at bar, the prosecution made no effort to produce McGuire, consistent with its belief that no duty existed. Thus, there are no efforts to test against the due diligence standard. The fact that McGuire was in the army and out of the state did not alleviate the requirement that efforts to secure his attendance be made, including utilization of the Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings. MCLA 767.91 *et seq.;* MSA 28.1023(191) *et seq.* See, *e.g., People v Crable,* 33 Mich App 254; 189 NW2d 740 (1971); *People v Nieto,* 33 Mich App 535; 190 NW2d 579 (1971); *People v Phillips,* 37 Mich App 242; 194 NW2d 501 (1971); *People v Burke,* 38 Mich App 617; 196 NW2d 830 (1972).[3]

The prosecution's case was grounded upon the testimony of Parks, the remaining evidence being circumstantial. Since McGuire, an alleged participant, could testify to commission of the crime, his testimony was critical, and we cannot speculate whether it would be cumulative. Based upon the prosecution's failure to produce an indorsed accom-

---

[2] *Cf. People v Woodfork,* 29 Mich App 633; 185 NW2d 826 (1971); *People v McIntosh,* 389 Mich 82; 204 NW2d 135 (1973) (where the Court's discussion of whether the prosecution's efforts to locate Pritchard, defendant's companion at the time of the larceny, satisfied the due diligence standard presupposes a duty to produce this indorsed witness). *Contrast, People v Unsworth,* 43 Mich App 741; 204 NW2d 759 (1972).

[3] *Cf. Barber v Page,* 390 US 719; 88 S Ct 1318; 20 L Ed 2d 255 (1968) (where the Court imposed a due diligence standard upon the prosecution when the preliminary examination testimony of a nonproduced witness is admitted at trial).

plice, we are constrained to reverse and remand for a new trial. In view of this disposition, the remaining issues need not be considered or discussed.

Reversed and remanded.

Fitzgerald, J., concurred.

O'Hara, J. *(dissenting)*. It seems to me there is an irreconcilable conflict between Michigan Supreme Court precedent which has both implicitly and explicitly excused the prosecution from calling an accomplice, though an eyewitness, and the obligation of the people to call all eyewitnesses to a given transaction unless the number is so great as to make the testimony merely cumulative. In the present case, Michael McGuire was an eyewitness and also an accomplice.

Thus it appears that on the one hand the prosecution was obligated to endorse McGuire as a res gestae witness and call him to the stand so that he would be subject to cross-examination by the defense.

On the other hand the prosecutor was excused from calling him under the so-called "accomplice exception" rule.

Such a situation is intolerable. It is prejudicing the rights of persons accused of crimes and it is placing the prosecution in the position of not knowing what its legal obligation is.

The question is squarely before us because the prosecuting attorney relied on the accomplice exception rule and the trial judge sustained him on that basis. The prosecuting attorney has a virtual litany of law to support him. I certainly agree with Judge Bronson as to the frequency with which the problem arises. As late as 1971 this Court held:

"Although the prosecutor is under a general obliga-

tion to indorse and call as witnesses all noncumulative *res gestae* witnesses, this duty does not extend to the calling of accomplices. *People v Brown,* 15 Mich App 600; 167 NW2d 107 (1969); *People v Chaney,* 21 Mich App 120; 174 NW2d 919 (1970); *People v Morgan,* 24 Mich App 660; 180 NW2d 842 (1970); *People v Sanders,* 28 Mich App 510; 184 NW2d 487 (1970); *People v Moore,* 29 Mich App 597; 185 NW2d 834 (1971). No error resulted from the failure of the prosecutor to indorse and call the two accomplices." *People v Toneff,* 37 Mich App 221, 222; 194 NW2d 390, 391 (1971).

I am perfectly willing to concede that the accomplice exception rule may be bad law, but it remains the law. As Judge BRONSON correctly points out we cannot change it. We need a court rule, a statute, or a decision by the Supreme Court to do it. I am voting to affirm because there is Supreme Court precedent which supports the position of the trial judge and I find no indication of a miscarriage of justice.[1]

I join with my colleagues in the respectful hope that for the benefit of the trial bench and the bar the Supreme Court will take the case in the event the prosecution seeks leave to appeal. Hopefully, too, the Court will settle the profoundly disturbing question of precisely what an accomplice is within the meaning of the rule and to what extent if any an accomplice remains an accomplice in relation to the prosecution of another.

In the case at bar the prosecutor addressed the court as follows:

"He's an accomplice. * * * We didn't have [the] obligation to produce him as an accomplice even though the case [against him] has been dismissed. He still remains an accomplice."

For the reasons herein stated, I vote to affirm.

---

[1] MCLA 769.26; MSA 28.1096.