PEOPLE *v.* KERN.

1. CRIMINAL LAW—IDENTITY OF DEFENDANT AS PERPETRATOR OF CRIME.

Identity of accused in a criminal case may be shown by either direct testimony or circumstantial evidence which gives the jury an abiding conviction to a moral certainty that the accused was the perpetrator of the offense.

2. SAME—GROSS INDECENCY—SODOMY—IDENTITY OF ACCUSED.

Defendant's contention in prosecution for gross indecency and sodomy that prosecutor failed to identify defendant as the perpetrator of the offense, *held*, not supported by the record, which contained testimony of the complaining witness sufficient to identify the defendant, the prosecutor not being excused by reason of identification of accused by trial judge during *voir dire* (CLS 1961, §§ 750.158, 750.338).

3. SAME—WITNESSES.

Prosecutor is not required in a criminal case to indorse on the information the name of one not a *res gestae* witness.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  20 Am Jur, Evidence § 1222.
[3–7]  21 Am Jur 2d, Criminal Law § 328; 27 Am Jur, Indictments and Informations §§ 43, 46; 58 Am Jur, Witnesses § 3.
[8]  53 Am Jur, Trial § 1061.
[9]  53 Am Jur, Trial § 156 *et seq.*
[10]  53 Am Jur, Trial § 74 *et seq.*

**4. SAME—WITNESSES—RES GESTAE.**

Indorsement on the information of the name of one not a *res gestae* witness requires that the witness be in court, and the defendant is entitled to rely upon the prosecutor's duty to produce him.

**5. SAME—WITNESSES—INFORMATION—INABILITY TO SERVE SUBPOENA —DILIGENCE.**

A prosecutor may be excused from producing one, not a *res gestae* witness, whose name was indorsed on the information if he makes a showing of due diligence in attempting to serve the witness a subpoena.

**6. SAME—WITNESSES—DILIGENCE—QUESTION FOR JURY.**

The court in a criminal case may, but is not bound, to submit to the jury the question as to whether the prosecutor has shown due diligence in attempting to subpoena a witness, so as to excuse the prosecutor from producing that witness, and the matter is within the judicial discretion of the court which will not be overturned on appeal unless there is a clear abuse of discretion.

**7. SAME—APPEAL AND ERROR—EVIDENCE—WITNESSES—DILIGENCE— DISCRETION OF COURT.**

Holding of trial judge that prosecutor, who offered testimony outlining his due diligence in attempting to subpoena one not a *res gestae* witness, was excused from producing the witness, *held*, not an abuse of judicial discretion.

**8. SAME—VERDICT—RECOMMENDATION OF JURY.**

Verdict of jury in criminal prosecution for gross indecency and sodomy which was accompanied with recommendation that complainant be placed under psychiatric care *held*, proper, where there is no showing that jury conditioned its verdict upon the recommendation, the trial judge indicated to the jury that he would not be bound by their recommendation, and the verdict was then stated in unequivocal language without further deliberation (CLS 1961, §§ 750.158, 750.338).

**9. TRIAL—JURY—VERDICT.**

The function of a jury is to deduce truth from evidence and express that truth in its verdict.

**10. SAME—CONDUCT OF JUDGE—VERDICTS.**

Conduct in a trial by the trial judge calculated to draw the attention of the jury from the performance of their duty

to deduce the truth from evidence and express it in their verdict, and to induce them to rest their verdict upon ulterior considerations is prejudicial error.

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 December 6, 1966, at Lansing. (Docket No. 1,362.) Decided March 28, 1967.

William H. Kern, Jr., was convicted of gross indecency and sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Edward G. Henneke,* Assistant Prosecuting Attorney, for the people.

*Anthony J. Mansour,* for defendant.

T. G. Kavanagh, P. J. Defendant was charged with gross indecency and sodomy, tried by a jury, and convicted.*

During the *voir dire* examination the trial judge pointed out the accused to the jury, identifying him both by name and by his alias, Bill Dakota. He further asked if any of the jurors were acquainted with defendant. None were.

After the complainant had testified, the prosecutor moved to have the name of a material witness stricken from the information, or in the alternative, to be excused from producing that witness. The motion to strike was denied. The alternative was granted over defendant's objection after the officer in charge of serving the subpoenas testified he had attempted to serve the witness a day and a half previously, but was unable to. The prosecutor then twice offered the remaining witnesses indorsed on the

* CLS 1961, § 750.338 (Stat Ann 1954 Rev § 28.570); CLS 1961, § 750.158 (Stat Ann 1962 Rev § 28.355).

information but all were waived by the defendant except for the witness which the court excused the prosecutor from producing. The prosecutor rested and the defendant offered no testimony.

After closing arguments defendant moved for a directed verdict on the ground that the prosecutor failed to identify defendant as the person who committed the alleged offenses. The motion was denied.

Upon returning a verdict of guilty, the jury also made a recommendation that the complainant be remanded to juvenile court and be placed under psychiatric care.

Defendant appeals alleging three errors:

1. The prosecution failed to identify defendant as the perpetrator of the alleged offenses.

2. The prosecutor was improperly excused from producing at trial a material witness whose name was indorsed on the information.

3. It was improper to permit the jury, after they returned a verdict of guilty, to recommend that the complaining witness be placed under psychiatric care.

As an essential part of his case, the prosecutor must identify the accused as the person who committed the alleged offense. In his brief, defendant treats the identification of the accused as part of the right of confrontation. However, the duty to identify the accused is quite distinct from the right of confrontation. The essential purpose of the latter is to secure the right of cross-examination. The duty of the prosecutor to identify the accused is an element of his general duty to prove defendant's guilt beyond a reasonable doubt. Certainly proof of defendant's connection with the alleged offense is an indispensable element of that duty.

Identity may be shown by either direct testimony or circumstantial evidence which gives the jury an abiding conviction to a moral certainty that the

accused was the perpetrator of the offense. See *People* v. *Stewart* (1910), 163 Mich 1; *People* v. *Sullivan* (1939), 290 Mich 414. While we agree with defendant that the conduct of the judge during *voir dire* did not excuse the prosecutor from proving this important element of his case, we find that the testimony of the complaining witness was sufficient to identify defendant as the perpetrator of the offense. The complainant testified that he had seen "the defendant" at the Berridge Hotel on the night in question and that "we" went up to room number 308 where complainant and "Bill" had some drinks and where "he" did the acts complained of. This testimony occurred in a context in which it was clear that the witness was referring to defendant.

The prosecutor had indorsed on the information the name of Ronnie Page as a material witness, but failed to produce him at the trial. The trial judge denied the prosecutor's motion to strike Page's name from the information, but excused him from producing the witness, after finding that the prosecutor had shown due diligence in attempting to serve Page with a subpoena. Defendant claims error on the ground that the question of due diligence was for the jury, not the judge to decide.

Page was not a *res gestae* witness and therefore the prosecutor was not required to indorse his name on the information. See *People* v. *Davis* (1955), 343 Mich 348. However, if the prosecutor does indorse the name of such a witness he must secure his presence in court and the defendant is entitled to rely upon the prosecutor's duty to produce him. See *People* v. *Whittemore* (1925), 230 Mich 435; *People* v. *Lummis* (1932), 260 Mich 170. Nevertheless, the prosecutor may be excused from producing that witness if he makes a showing of due diligence.

The court may submit the question of due diligence to the jury, *People* v. *Todaro* (1931), 253 Mich

367, but it is not bound to. Ordinarily it is a matter within the judicial discretion of the court, and the exercise of that discretion will not be overturned on appeal unless there is a clear abuse. *People* v. *Gibson* (1931), 253 Mich 476; *People* v. *Hunley* (1946), 313 Mich 688.

In this case the prosecutor offered testimony outlining the attempts made to locate Page. We cannot hold as a matter of law that the trial judge was not justified in accepting this showing. Consequently, there was not an abuse of judicial discretion.

Defendant finally claims that allowing the jury to make a recommendation regarding the complainant was erroneous. However, there is nothing to show that the jury conditioned its verdict upon this recommendation. Errors in trial are not grounds for reversal unless there were irregularities which were "prejudicial to the rights of the persons prosecuted." *People* v. *Watson* (1943), 307 Mich 596, 606.

The function of the jury is to deduce the truth from the evidence and express that truth in the verdict. There is prejudicial error if there is conduct by the court calculated to draw the attention of the jury from the performance of their duty and to induce them to rest their conclusion upon ulterior consideration. See *People* v. *Warner* (1939), 289 Mich 516.

The trial judge, in this case, indicated to the jury that he would not be bound by their recommendation. The verdict was then stated in unequivocal language without further deliberation. There is nothing to indicate that defendant's rights were prejudiced.

Affirmed.

J. H. GILLIS and McGREGOR, JJ., concurred.