PEOPLE v. TINER

1. CRIMINAL LAW—RES GESTAE WITNESS—FAILURE TO PRODUCE—DILIGENCE—DISCRETION.

> The prosecutor's duty to secure the presence of an indorsed *res gestae* witness at the criminal trial may be excused if he makes a showing of due diligence in attempting to produce the indorsed witness; what is due diligence is within the discretion of the trial court, subject to reversal on appeal if clear abuse is shown.

2. CRIMINAL LAW—RES GESTAE WITNESS—FAILURE TO PRODUCE—OBJECTION—APPEAL AND ERROR.

> An assertion of error in failure to produce a *res gestae* witness indorsed on the information is not saved for review where no objection is raised at trial.

3. CRIMINAL LAW—GUILT—REASONABLE DOUBT—MISCARRIAGE OF JUSTICE—APPEAL AND ERROR.

> A conviction of second-degree murder will not be reversed on appeal where there is ample evidence in the record to convince beyond a reasonable doubt that defendant was guilty of murder in the second degree, unless the appellate court is convinced that error was committed which deprived defendant of substantial rights or resulted in a miscarriage of justice (CL 1948, §§ 750.317, 769.26).

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 February 7, 1969, at Detroit. (Docket No. 6,056.) Decided April 21, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial § 38.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 5 Am Jur 2d, Appeal and Error §§ 778, 779.

Chester Tiner was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

BEFORE: Lesinski, C. J., and T. M. Burns and Kelley,* JJ.

Per Curiam. Appellant was charged with the shooting death of Charlie Coleman contrary to the provisions of CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). A jury trial was had in the Genesee county circuit court, Stewart A. Newblatt, J., on February 28 and 29, 1968, with the jury returning a verdict of guilty of murder in the second degree on March 1, 1968.[1] On April 30, 1968, appellant was sentenced to a term of 19 to 35 years in prison. The sole contention of error, upon which appellant claims on appeal that he is entitled to a reversal of his conviction and a new trial, is that the prosecution failed to produce an indorsed witness.

The appellant claims that the witness, an expert from the Michigan State Crime Laboratory in East Lansing, might have supported his defense that the shooting was accidental. Appellant asserts that the cases of *People* v. *Kayne* (1934), 268 Mich 186, and *People* v. *Dickinson* (1966), 2 Mich App 646, impose a positive duty on the prosecution to indorse and call all *res gestae* witnesses to protect the accused

---

* Circuit Judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

against a false accusation and on that basis alone calls for reversal.

From the record it appears that witness in question was indorsed by the prosecution and called but failed to appear.[2] We do not consider it necessary to decide whether or not the witness was *res gestae* as asserted by the defendant since once a witness is indorsed it is the duty of the prosecution to secure his presence in court. See *People* v. *Kern* (1967), 6 Mich App 406. Yet, as we have noted in previous cases, the prosecution may be excused from producing that witness if it makes a showing of due diligence. *People* v. *Kern, supra,* p 410. This question of diligence in production of indorsed witnesses is a matter within the discretion of the trial court, subject to being overturned on appeal only for clear abuse. *People* v. *Gibson* (1931), 253 Mich 476; *People* v. *Hunley* (1946), 313 Mich 688; and *People* v. *Kern, supra.* We find no such abuse here.

We would point out from the record that it appears the prosecution was just as surprised as the defense at the failure of this witness to appear. We would also point out that in the cases which the parties cite, *People* v. *Dickinson* (1966), 2 Mich App 646, and *People* v. *Semchena* (1967), 7 Mich App 302, the defense strenuously objected to the failure of the prosecution to present the witnesses. Here, however, the defense failed to raise this point until it made its motion for a new trial after the verdict was in. The defense made no application for a con-

---

[2] The record shows that Detective Sergeant Kenard Christensen was indorsed as a witness for the purpose of submitting a report and scientific evidence linking a certain gun found at the scene of the killing of Charlie Coleman to the killing. The record also shows that defense counsel made no objection to the receiving of the gun in evidence although he had objected to receipt of the spent casing. Both were received. The defendant makes no allegation of error on appeal on the introduction of this evidence and we do not think that injustice was done by admitting it.

tinuance; therefore, there was no error saved for appeal. *People* v. *Gibson* (1931), 253 Mich 476; *People* v. *Woods* (1966), 5 Mich App 356. There is more than ample evidence in the record to convince beyond a reasonable doubt that defendant was guilty of murder in the second degree. *People* v. *Williams* (1962), 368 Mich 494; *People* v. *Ovalle* (1968), 10 Mich App 540. This Court will not reverse a trial court unless we are convinced that there was error committed which deprived the defendant of substantial rights or which resulted in a miscarriage of justice. See *People* v. *Amos* (1968), 10 Mich App 533; *People* v. *Thomas* (1967), 7 Mich App 519; CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

We find no such error here. We find no substantial merit in the questions sought to be reviewed and, therefore, affirm the conviction.