# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MANDEZ PERREZ-EUGENE IGUS,

Defendant-Appellant.

UNPUBLISHED
July 23, 2015

No. 321672
Macomb Circuit Court
LC No. 2013-002880-FC

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, assault with intent to rob while armed, MCL 750.89, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 5 to 25 years' imprisonment for the armed robbery and assault with intent to rob while armed convictions, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from a home invasion and robbery that occurred on April 13, 2013, in Fraser, Michigan. One of the victims, Farid Abbassi, managed to escape during the robbery and later named defendant as a possible suspect. Defendant was a prior acquaintance of Farid's, who had called Farid and his father, Numan Abbassi, five times just prior to the robbery after several months without contact. At trial, defendant claimed that he spent the day of April 13, 2013, preparing for a business trip and attending a BBQ at his home. Defendant remembered calling Farid and Numan on the day of the robbery, and denied going months without speaking to Farid.

Defendant's fingerprint was discovered near the scene of the crime, on a piece of duct tape covering the peephole of the apartment across the hall from the robbery. Defendant denied having been in Fraser on the day of the robbery, and suggested that a roll of duct tape bearing his fingerprint must have been stolen from his home. He later admitted that he did not remember ever having duct tape and he had not noticed anything else missing from his home.

On appeal, defendant first argues that the evidence was insufficient to prove his identity as the perpetrator of these crimes. We disagree.

A challenge to the sufficiency of evidence is reviewed de novo, *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010), but "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict," *People v*

*Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). This Court reviews the evidence in a light most favorable to the prosecution to determine whether the jury could have found each element of the charged crimes proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

Defendant argues only that his identity as the perpetrator of these crimes was not supported by sufficient evidence. Identity is an essential element in every criminal prosecution, *People v Yost*, 278 Mich App 341, 354; 749 NW2d 753 (2008), and defendant's identity as the perpetrator of the charged crime must be established beyond a reasonable doubt, *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967). The prosecution may establish identity by circumstantial evidence and any associated reasonable inferences. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999); *Kern*, 6 Mich App at 409-410. When a fingerprint is found at the scene of the crime under such circumstances that it could only have been made at the time of the commission of the crime, it is sufficient to establish identity. *People v Himmelein*, 177 Mich App 365, 374-375; 442 NW2d 667 (1989).

Defendant argues that because his fingerprint was found across the hall from the victims' apartment, it was not found at the scene of the crime. Defendant misreads this Court's opinion in *Himmelein*, *supra*, as requiring fingerprint evidence to be found within the four walls of an apartment before it can establish defendant's identity as a perpetrator. The *Himmelein* Court did not so limit the scope of a crime scene, instead relying on expert testimony and circumstantial evidence to conclude that a fingerprint found inside the victim's apartment must have been left within the crime scene during the commission of the crime. See *Himmelein*, 177 Mich App at 374-375. The piece of duct tape bearing defendant's fingerprint was used to cover the peephole opposite the Abbassi' apartment, and was discovered during the initial evidence collection. It was consistent in size, texture, and color to the standard silver duct tape located inside the apartment and used during the robbery. There is sufficient evidence here for a rational trier of fact to conclude that the duct tape covering the peephole was the same type of tape used during the robbery. Additionally, a rational trier of fact could conclude that the small piece of duct tape was placed over the peephole by the perpetrators of the armed robbery to prevent the apartment's occupants from witnessing their crimes, thus inferring that the duct tape was located at the crime scene. Circumstantial evidence and reasonable inferences arising therefrom may constitute sufficient proof of the elements of a crime. *People v Jolly*, 442 Mich 458, 476; 502 NW2d 177 (1993). There was sufficient evidence for a rational trier of fact to determine that the defendant's fingerprint was found at the scene of the crime.

Defendant also argues that the fingerprint was not created under circumstances that it could only have been made during the commission of the crimes. Defendant testified that the duct tape with his fingerprint must have been stolen from his garage. Later, he made a point to describe his attempt to visit Farid, mistakenly arriving at the apartment across the hall and knocking with his fingertips. This account seemed intended to create reasonable doubt by suggesting that the fingerprint was made on the door during the previous visit and later transferred to the duct tape. However, the latent print examiner testified that the fingerprint must have been made through direct contact between defendant's left index finger and the adhesive side of the tape. Common sense indicates that the small piece of tape must have been removed from the roll before defendant could place his finger onto its adhesive side. A trier of fact could thus infer that the fingerprint was made during the commission of the crimes.

While the fingerprint alone is enough to establish identity, there is additional circumstantial evidence that would allow a rational trier of fact to find defendant's identity as the perpetrator established beyond a reasonable doubt. Immediately after the robbery, Farid provided a description of one of the perpetrators as dark-skinned, about 5'6" tall, and having a "heavier" build. According to his own testimony, defendant matched the description at 5'8" tall and 190 pounds. Farid subsequently identified defendant, a former acquaintance, as a potential suspect. During the robbery, one of the perpetrators had mentioned a mutual friend of Farid and defendant's named "Jeremy."

Defendant admitted placing five calls to Farid and his father prior to the robbery, stating that he spoke with Farid frequently. However, Farid claimed he had not heard from defendant for several months. Conflicts in the evidence are resolved by the factfinder, and the jury is "free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). It is the province of the jury to determine questions of fact and assess the credibility of witnesses, and jurors are permitted to accept the testimony of some over others. *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998). A rational juror could have concluded, based on the timing of the calls, that the phone calls to the victims were related to defendant's interest in the commission of the crime.

Finally, defendant's alibi was supported solely by testimony of two interested witnesses, both of whom lived with defendant at the time of the robbery and offered somewhat conflicting accounts regarding defendant's whereabouts at the time of the incident. The jury was free to disbelieve the testimony of these witnesses regarding defendant's purported alibi. Viewed in a light most favorable to the prosecution, the evidence was sufficient for the jury to conclude that defendant's identity as a perpetrator of these crimes was proven beyond a reasonable doubt.

Defendant next argues that his convictions were against the great weight of the evidence. Defendant did not properly preserve this issue because he failed to bring a timely motion for a new trial with the lower court. *People v Norman*, 184 Mich App 255, 257; 457 NW2d 136 (1990). This Court reviews unpreserved challenges based on the great weight of the evidence for plain error affecting the defendant's substantial rights. *People v Lopez*, 305 Mich App 686, 695; 854 NW2d 205 (2014). An unpreserved claim of error warrants reversal under this standard when the defendant can show (1) an error, (2) that the error was clear or obvious, (3) that the error affected his substantial rights by causing him prejudice, and (4) that the error resulted in the conviction of an innocent defendant or "seriously affected the fairness, integrity or public reputation of judicial proceedings." *People v Borgne*, 483 Mich 178, 197; 768 NW2d 290 (2009).

Defendant claims that it would be a miscarriage of justice to allow the verdicts to stand in the face of defendant's gainful employment and minimal criminal history. We disagree.

A verdict is against the great weight of the evidence when the evidence presented preponderates so heavily against the verdict that it would be a miscarriage of justice to let the verdict stand. *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). Defendant argues that the weak circumstantial evidence here is not strong enough to outweigh defendant's gainful employment and lack of criminal record. But character and criminal history are considerations for sentencing, and defendant cites no legal authority for the proposition that these

matters may outweigh the jury's conclusion that each element of a crime has been proven beyond a reasonable doubt, especially where, as here, no evidence of character or criminal history was presented at trial. Whether the evidence was sufficient to sustain a conviction and whether the verdict was against the great weight of the evidence are two different questions. *People v Brown*, 239 Mich App 735, 746 n 6; 610 NW2d 234 (2000). However, this Court has recognized that when a defendant's "great weight" argument is premised on the claim that insufficient evidence existed to support the verdict, the argument may be rejected when sufficient evidence is found to exist. *Id.* at 745-746. Thus, to the extent that defendant's argument here parallels his argument that there was insufficient evidence to support the verdict, it is rejected for the same reasons.

Affirmed.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello