# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAYSHON DANIEL BRAGGS,

        Defendant-Appellant.

UNPUBLISHED
January 19, 2016

No. 323274
Kalamazoo Circuit Court
LC No. 2014-000180-FC

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and unlawful imprisonment, MCL 750.349b. Defendant was sentenced to 12 to 30 years' imprisonment for armed robbery, and 5 to 15 years' imprisonment for unlawful imprisonment, to be served concurrently. We affirm.

On appeal, defendant first claims that there was insufficient evidence for the jury to find him guilty of armed robbery and unlawful imprisonment. We disagree. This case arises from the armed robbery of the victim by Demetrius Bennett and a masked man who was later determined to be defendant, Bennett's younger brother. The victim knew Bennett and allowed Bennett into his apartment. Bennett thereafter pointed a gun at the victim and defendant entered the apartment. They threatened the victim, tied him up, and stole money and drugs from him. The victim escaped and ran out of the apartment into a courtyard, followed by his assailants. Defendant fought the victim and wrestled him on the ground in the courtyard and Bennett shot the victim in the leg. Bennett and Defendant then fled. A blue Ford Taurus was seen speeding away from the scene, and it was later determined that the car belonged to a family friend of Bennett and defendant, who was staying at the home of defendant's mother when the robbery took place. The family friend loaned the car to Bennett the morning of the robbery; she claimed defendant was asleep on a couch at his mother's house at the time. Defendant's mother also testified that defendant was home asleep and doing chores while the robbery took place. During the commission of the crimes, defendant wore a mask covering his face. The victim stated that he knew defendant, would have recognized defendant if he were the man wearing the mask, and insisted that defendant was not the masked man who robbed him with Bennett. However, a large black sweatshirt and a knit-cap fashioned into a mask were found at the scene. Defendant's DNA was the only DNA found on the mask and the sweatshirt. On Bennett's cellular telephone, detectives found a number of incriminating text messages sent the morning of the crime to and

from a telephone number attributed to "Ray." While there was evidence that defendant's nickname was not "Ray," a detective testified at trial that defendant provided that telephone number as his own just a week after the robbery.

On appeal, defendant argues that there was insufficient evidence for the jury to find defendant guilty of armed robbery and unlawful imprisonment, claiming that he was not the man wearing the mask. An appeal based on the sufficiency of the evidence is reviewed de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). When considering the sufficiency of the evidence, the Court views the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt; all conflicts in the evidence are resolved in favor of the prosecution. *Id*. at 8-9. "The prosecutor need not negate every reasonable theory consistent with innocence." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Here, defendant does not contest that the masked man acting with Bennett committed an armed robbery and unlawful imprisonment, but rather argues that he was not the man wearing the mask. "Identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). Specifically, "Identity may be shown by either direct testimony or circumstantial evidence." *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967).

Defendant's DNA, and no one else's, was recovered from the sweatshirt and mask found at the scene of the crime. Defendant is Bennett's brother. The car that Bennett and the masked man used to escape the scene belonged to someone who lived at the defendant's mother's house where defendant slept the night before the robbery. Text messages sent between Bennett and a telephone number that defendant identified as his reveal planning and preparation for the armed robbery that day. The above-referenced circumstantial evidence viewed as a whole was sufficient for a jury to find that defendant was the masked man who committed the crimes. See *Nelson*, 234 Mich App at 459; *Kern*, 6 Mich App at 409.

Defendant also argues on appeal that there was an insufficient foundation to admit the text messages entered into evidence. "The decision whether to admit evidence is within the trial court's discretion, which will be reversed only where there is an abuse of discretion." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). "An abuse of discretion occurs when the trial court reaches a result that is outside the range of principled outcomes." *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). "Preliminary issues of law, including the interpretation of the rules of evidence and the effect of constitutional provisions, are reviewed de novo." *Id.* "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001).

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." MRE 901(a); see *People v McDade*, 301 Mich App 343, 352; 836 NW2d 266 (2013). "It is axiomatic that proposed evidence need not tell the whole story of a case, nor need it be free of weakness or doubt. It need only meet the minimum requirements for admissibility." *McDade*, 301 Mich App at 353.

This minimum requirement for admissibility is met in this case. Testimony was presented that defendant gave the incriminating number as his own just a week after the shooting. The number was assigned to "Ray" in Bennett's telephone, which the jury could infer referenced defendant's name "Rayshon." The messages clearly referenced preparation for the robbery that took place. Defendant's DNA was recovered from the sweatshirt and mask found at the scene of the crime. Thus, sufficient foundation was presented to support a finding that the texts related to the victim were sent by defendant, and it was not an abuse of discretion for the trial court to admit the text messages entered into evidence. *Gursky*, 486 Mich at 606.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey