# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 12, 2016

Plaintiff-Appellee,

v

No. 325104
Wayne Circuit Court
LC No. 14-001582-FC

THOMAS ELMER DRUMMOND,

Defendant-Appellant.

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree premeditated murder, MCL 750.316, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

On May 6, 2012, the victim, Alex Acosta, had a barbeque at his apartment after recently being released from prison. Acosta was joined at the apartment by two friends from prison, defendant and Andre Walk, as well as three female friends. After the women left, one of Acosta's girlfriends, Brittany Goggins, came over with her sister Sharon Chapa, and Chapa's two children. In the presence of defendant and Walk, Acosta gave Chapa money for gas that he took from a big wad of cash he had in his pocket. At about 6:30 p.m., Walk left the apartment. Shortly after, at about 6:45 p.m., so did Goggins, Chapa, and Chapa's children. Defendant was then alone with Acosta in the apartment. Acosta was supposed to call Goggins fifteen minutes after her and her sister left the apartment, but he did not.

At about 7:00 p.m., Acosta received a call from an inmate in prison, Timothy Galvin. While on the phone with Acosta, Galvin heard a gunshot. At approximately 8:45 p.m., Acosta's sister, Tabatha Walls, went to his apartment after not being able to reach him. She found Acosta dead. He died of a single gunshot wound to the back of his head. There was no evidence of forced entry, and no cash or drugs were found on Acosta or in his apartment.

On May 17, 2012, defendant was a passenger in a vehicle that was pulled over by police. A search of the vehicle uncovered a handgun from the passenger side floorboard, which defendant admitted belonged to him and he pled guilty to possessing it. Subsequent ballistics tests confirmed that defendant's handgun was used to kill Acosta, i.e., the shell casing recovered from the murder scene had been ejected from that handgun.

-1-

On appeal, defendant argues that there was insufficient evidence on the element of identity to support his convictions. We disagree.

We review de novo a claim of insufficient evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). This Court considers the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007).

Identity is an essential element in every criminal prosecution. *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976). Therefore, a defendant's identity as the perpetrator of the charged crimes must be established beyond a reasonable doubt. *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967). The prosecution is permitted to establish the identity of the perpetrator by circumstantial evidence and any associated reasonable inferences. *Id.*; see also *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999).

Defendant argues that because there were no eyewitnesses to the shooting and because other people had motive to kill Acosta, there was insufficient evidence to establish that he in fact killed Acosta. We disagree. The circumstantial evidence presented was sufficient for the jury to conclude beyond a reasonable doubt that defendant killed Acosta. Chapa testified that, in the presence of defendant and Walk, Acosta gave her money that he pulled from a big wad of cash he had in his pocket. At about 6:30 p.m. Walk left and shortly thereafter so did Chapa, her kids, and her sister—leaving defendant alone with Acosta. Then Acosta received a telephone call and, while he was speaking on the telephone, Acosta was shot in the head. There was no sign of forced entry into Acosta's apartment and the cash Chapa had seen Acosta with was not found in his pocket by the police. Then eleven days after Acosta was killed, defendant was arrested for possessing a handgun, which he admitted was his handgun. And that handgun was later determined to be the murder weapon. We conclude that the prosecution established beyond a reasonable doubt, through circumstantial evidence and reasonable inferences arising from the evidence, that defendant was the perpetrator of the charged crimes. See *Nelson*, 234 Mich App at 459; *Kern*, 6 Mich App at 409-410.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood