# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONTAE ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
August 23, 2016

No. 327484
Berrien Circuit Court
LC No. 2014-004323-FC

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529; assault with intent to do great bodily harm less than murder (AGBH), MCL 750.84(1)(a); carrying a concealed weapon (CCW), MCL 750.227; felon in possession of a firearm, MCL 750.224f; assaulting, resisting, or obstructing a police officer, MCL 750.81d(1); possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1); and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant, as a habitual fourth offender, MCL 769.12, to 300 to 720 months' imprisonment on each of the armed robbery and AGBH convictions; 76 to 228 months for each of the CCW and felon in possession convictions; 24 to 180 months for the assaulting/resisting/obstructing conviction; two years for the felony firearm conviction; and 12 to 24 months for the possession of marijuana conviction. We affirm.

On October 20, 2014, Jamon Cole was walking from his girlfriend's apartment in Benton Township to another apartment in the same complex when defendant approached him with a gun. Defendant ordered Cole to give him his money and Cole ran. Defendant soon caught up with Cole and Cole turned over his necklaces and cellular telephone to defendant. Once again, Cole attempted to run from the defendant. Defendant shot at Cole as he was running, but Cole was able to safely reach the apartment complex manager's office. The manager called the police when Cole told her he had just been robbed. The police arrived shortly thereafter and Cole pointed to a moving gray car and indicated to a police officer that the person who robbed him was in the gray car. The police pursued the vehicle and saw a gun thrown from the passenger window of the car. The driver of the car initially refused to pull over but when it did, defendant ran from the passenger side of the vehicle. Defendant refused orders to stop but was quickly apprehended by the police. Defendant had marijuana, Cole's cellular telephone, and Cole's necklaces on his person. Defendant and Cole were both brought back to the scene of the robbery where Cole identified defendant as the robber.

-1-

On appeal, defendant first argues that there was insufficient evidence for the jury to find him guilty of armed robbery and AGBH. The crux of defendant's claim is that there was no reliable evidence identifying him as the person who robbed and shot at the victim. We disagree.

An appeal based on the sufficiency of the evidence is reviewed de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). When considering the sufficiency of the evidence, this Court views the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *Id*. at 9. "The scope of review is the same whether the evidence is direct or circumstantial," and "[t]he prosecutor need not negate every reasonable theory consistent with innocence." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Defendant argues on appeal that the prosecutor's case relied extensively on circumstantial evidence and that evidence can only prove defendant's guilt if it is believed with "impelling certainty." This is a misstatement of the law. See *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010). "Circumstantial evidence and the reasonable inferences it permits are sufficient to support a conviction, provided the prosecution meets its constitutionally based burden of proof beyond a reasonable doubt." *Id*., citing *Nowack*, 462 Mich at 400.

"[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "Identity may be shown by either direct testimony or circumstantial evidence . . . ." People *v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

Here, minutes after Cole was robbed, he pointed toward a gray car leaving the apartment complex and told a police officer that the person who robbed him was in that car. Defendant admitted that he was a passenger in that car, that he possessed the gun that was found to have fired two shots where Cole was robbed, that he had Cole's gold chains and cellular telephone, and that he ran away from the police when the police attempted to stop him. Immediately after defendant was apprehended by police, a short time after the robbery and a short distance away, Cole was taken to a location where police were holding defendant and he was asked to identify whether defendant was the person who robbed him. Cole emphatically identified defendant as the person who robbed him. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that defendant was the person who committed the crimes. *Henderson*, 306 Mich App at 9. Although at trial the complaining witness testified that he could not identify defendant, and he expressed doubt about the accuracy of his previous identification of defendant, this Court defers to the jury regarding the credibility of identification testimony. *Davis*, 241 Mich App at 700.

Defendant also claims that there was insufficient evidence for the jury to find him guilty of AGBH because the prosecution did not prove that defendant intended to cause great bodily harm to the victim. The elements of AGBH are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder," which is the "intent to do serious injury of an aggravated nature." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014); see MCL 750.84(1)(a). "Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *Id*. at 629. "No actual physical injury is required for

the elements of [AGBH] to be established." *People v Harrington*, 194 Mich App 424, 430; 487 NW2d 479 (1992). Furthermore, use of a dangerous weapon can create an inference of intent to cause serious harm. *Stevens*, 306 Mich App at 629.

In this case, testimony at trial demonstrated that defendant met Cole at a door with a gun in his hand and said, "Don't run, bitch." Cole ran away, but defendant caught him, pointed the gun at him, and told him to give up his money "or die." Cole then gave defendant his jewelry and cellular phone and, again, ran away. As he ran away, he heard defendant fire two shots. He ran into the office of the apartment complex and he immediately told the manager that he had been robbed. Two shell casings were found where Cole indicated defendant was standing when he fired the shots. This evidence, viewed in the light most favorable to the prosecution, *Henderson*, 306 Mich App at 9, represents sufficient circumstantial evidence to establish defendant's intent to cause great bodily harm. Though defendant argues that there is no evidence that defendant shot *at* Cole, as opposed to shooting in the air or in some other direction, the jury could properly infer that defendant shot at Cole with the intent to do great bodily harm based upon the evidence that defendant pointed the gun at him, threatened to kill him, and then shot the gun twice as Cole ran away.

On appeal, defendant next argues that he should have received 183 days of jail credit for the time that he spent in jail between his arrest and his sentencing. This Court reviews this unpreserved claim for plain error affecting substantial rights. *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005); see also *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

In Michigan, defendants convicted of a crime are generally provided with jail credit for time spent in jail prior to sentencing. See MCL 769.11b. However, our Supreme Court has held that MCL 769.11b "does not apply to a parolee who is convicted and sentenced to a new term of imprisonment for a felony committed while on parole," because "once arrested in connection with the new felony, the parolee continues to serve out any unexpired portion of his earlier sentence unless and until discharged by the Parole Board." *People v Idziak*, 484 Mich 549, 562; 773 NW2d 616 (2009). Thus, "[w]hen a person on parole commits a subsequent felony and is detained, the time of detention continues to accrue toward the fulfillment of the originally imposed sentence on which parole was granted." *People v Armisted*, 295 Mich App 32, 50; 811 NW2d 47 (2011), citing MCL 791.238(1), (2), and (6). Because defendant was on parole for a previous offense when he was convicted of the offenses in this case, the trial court did not have the authority to grant defendant credit against his new minimum sentences and defendant was not entitled to jail credit toward his sentences. *Idziak*, 484 Mich at 568-569. Furthermore, though defendant challenges his lack of jail credit on various constitutional grounds, our Supreme Court in *Idziak* addressed and rejected claims that were similar to or identical to the constitutional claims that defendant now raises on appeal. See *Idziak*, 484 Mich at 569-574. Thus, defendant's arguments in this regard are without merit, and there was no plain error affecting substantial rights. *Id.*, see *Carines*, 460 Mich at 763-764.

Finally, defendant claims that he was denied effective assistance of counsel. Because defendant did not move for a new trial or an evidentiary hearing on this issue, our review is limited to errors apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). A defendant must meet a two-part test to warrant a new trial based on ineffective

assistance of counsel: "First, the defendant must show that counsel's performance fell below an objective standard of reasonableness," and "[s]econd, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011), citing *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant "bears a heavy burden in establishing that counsel's performance was deficient" and that defendant "was prejudiced by the deficiency." *People v Lopez*, 305 Mich App 686, 693-694; 854 NW2d 205 (2014). Furthermore, defendant "has the burden of establishing the factual predicate[s] for his claim[s] of ineffective assistance of counsel," *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), and counsel cannot be found ineffective for failing to raise meritless issues. *Ericksen*, 288 Mich App at 201.

Defendant claims that defense counsel was ineffective at trial for failing to obtain an eyewitness identification expert where defendant's defense was that he was misidentified as the perpetrator of the shooting. Defendant has not identified the existence of an expert who would have testified for him regarding eyewitness testimony, and thus fails to establish the factual predicate for his claim. *Hoag*, 460 Mich at 6. Moreover, "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Furthermore, "questions of eyewitness identification, fading memories, witnesses' body language, and the like involve obvious human behavior from which jurors can make commonsense credibility determinations." *People v Kowalski*, 492 Mich 106, 143; 821 NW2d 14 (2012). Thus, defense counsel cannot be found ineffective for failing to obtain an eyewitness identification expert to testify about the fallibility of eyewitness identification testimony. *Davis*, 250 Mich App at 368. It was a permissible exercise of trial strategy for defense counsel to rely on cross examination to provide reasons for the jury to doubt the identification testimony, rather than calling an eyewitness identification expert. See *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999)(finding that defense counsel at trial was not ineffective for "failing to present expert psychological testimony about how the circumstances of the incident could have impaired [a witness's] perception, memory, and ability to recognize the shooter."); see also *People v Blevins*, ___Mich App___, ___;___NW2d___ (2016) (Docket No. 315774); slip op at 4 (stating that "counsel's decision to rely on cross-examination to impeach the witnesses identifying Defendant," rather than presenting an expert on eyewitness testimony, "does not fall below an objective standard of reasonableness").

Defendant also claims that defense counsel was ineffective at trial for failing to investigate problems with the reliability of eyewitness testimony. In providing objectively reasonable representation, defense counsel at trial has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012), quoting *Strickland*, 466 US at 691. However, in this case, the record is completely silent regarding defense counsel's efforts to investigate the problems with eyewitness testimony, and "our review is limited to errors apparent on the record." *Lopez*, 305 Mich App at 693, citing *Matuszak*, 263 Mich App at 48. Absent any record evidence that defense counsel failed to investigate the issue of eyewitness testimony, this Court has no basis on which to conclude that defense counsel was ineffective in this regard.

*Hoag*, 460 Mich at 6. Thus, defendant fails to carry his burden of demonstrating that he received ineffective assistance of counsel at trial. *Lopez*, at 693-694.

Finally, defendant briefly claims that defense counsel was ineffective for failing to object to the lack of jail credit for defendant's sentences. However, as discussed *supra*, defendant was not entitled to jail credit toward his sentences in this case, and in fact the trial court did not have discretionary authority to grant jail credit. *Idziak*, 484 Mich at 568-569. Therefore, an objection to the lack of jail credit would have been meritless. *Id*. Because counsel cannot be found ineffective for failing to raise meritless issues, defense counsel therefore was not ineffective for failing to object to the lack of jail credit. *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher