# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 31, 2017

Plaintiff-Appellee,

v

No. 333198
Wayne Circuit Court
LC No. 16-000069-01-FC

WILLIE LEE SIMMS,

Defendant-Appellant.

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of second-degree murder, MCL 750.317, for which the trial court sentenced him to a prison term of 22 to 40 years. We affirm.

Defendant's conviction arises from his participation in the fatal shooting of Ernest Tye in Tye's Detroit home on December 10, 2015. The principal issue at trial was defendant's identity as a participant in the crime. The prosecution presented evidence that defendant and two associates, Lawrence Stafford and Travone Wilson, went to the duplex where Tye lived and that defendant acted as a lookout while Stafford and Wilson entered Tye's upstairs unit where Stafford shot Tye. Henric Hayes, who lived in the downstairs unit, testified that Stafford had asked him earlier that day about Tye's whereabouts. Later that day, Hayes and Tye socialized together in Hayes's unit before Tye went upstairs. Hayes subsequently heard noises originating from the stairwell that caused him to open his door. Hayes saw defendant, who was armed with a nine-millimeter handgun, standing in the foyer and looking up the stairs. Defendant turned his gun toward Hayes, who slammed his door. Soon thereafter, Hayes heard gunshots. Charles Deen, who was at the house next door to the duplex, testified to observing defendant standing outside the duplex and later seeing three men running from the duplex. Mark Eddins testified that, around the same time, he observed defendant and two other men running from the area of the duplex toward a vacant house that the three men regularly frequented. The defense theory at trial was misidentification. Defendant testified that he was at a different location at the time of the shooting, and the defense asserted that defendant's alibi defense was supported by a time-stamped Facebook post and evidence that defendant was excluded as a contributor to any DNA found at the crime scene.

-1-

I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence was insufficient to identify him as a person involved in the charged crime. We disagree. We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

"[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). A prosecutor must prove beyond a reasonable doubt the defendant's identity as the perpetrator of a crime, which "may be shown by either direct testimony or circumstantial evidence[.]" *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). "[P]ositive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Further, "[t]he credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Id.*

Viewed in a light most favorable to the prosecution, the evidence supported defendant's identity as a participant in the crime. Two eyewitnesses placed defendant at Tye's duplex at the time of the shooting, and a third witness testified to seeing defendant and two associates running from the direction of the crime scene. Hayes testified that after hearing concerning sounds originating from the stairwell, he opened his door and "clearly saw" defendant holding a black nine-millimeter automatic handgun. Defendant, who was six feet from Hayes, was standing between the security and main doors of the building, and his face was illuminated by the "bright" porch light. Hayes testified that he "saw the face, I know the face." Hayes viewed a live lineup and "immediately" selected defendant, having "[n]o doubt at all, that was him." Hayes, Deen, and Eddins each identified defendant at trial. Deen, who had known defendant for a year before the shooting, testified that he had a "good view of" the duplex, and he identified defendant as one of three people he saw outside. Deen then saw defendant act as a lookout while defendant's two associates went upstairs, and later all three men ran from the duplex together. Eddins, who was familiar with defendant from the neighborhood, identified defendant as one of the three men running from the direction of the crime scene. Although it was dark, Eddins gave reasons for why "when he saw the guys, like, [he] could swear it was them." These witnesses' testimony, if believed, was sufficient to establish defendant's identity. *Davis*, 241 Mich App at 700.

Defendant argues that the evidence was insufficient to establish his identity because there were discrepancies in the witnesses' testimony, inconsistencies in their trial testimony and with their prior statements, and because there was no DNA or fingerprint evidence linking him to the crime scene; he also contends that the defense presented a credible alibi that was supported by the evidence. In making these arguments, however, defendant appears to ignore the principles that when evaluating the sufficiency of evidence, this Court is required to resolve all conflicts in the evidence in favor of the prosecution, *Kanaan*, 278 Mich App at 619, and that the deferential standard of review is the same whether the evidence is direct or circumstantial, *Nowack*, 462 Mich at 400. Defendant's challenges are related to the weight of the evidence rather than its sufficiency. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). Indeed, these same challenges were presented to the jury during trial. This Court "will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Accordingly, the evidence supports defendant's conviction.

## II. EFFECTIVE ASSISTANCE OF COUNSEL

We also reject defendant's argument that he was denied the effective assistance of counsel because defense counsel failed to object to the trial court's erroneous assessment of 50 points, instead of 25 points, for offense variable (OV) 3[1] of the sentencing guidelines. Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

While defense counsel might have offered a successful objection to the 50-point score for OV 3, the scoring error, and defense counsel's failure to object to it, do not entitle defendant to resentencing. The trial court scored the guidelines for defendant's conviction of second-degree murder, which is a class M2 offense. MCL 777.16p. Defendant received a total OV score of 80 points, which combined with his 22 prior record variable points, placed him in the C-II cell of the applicable sentencing grid, for which the minimum sentence range is 180 to 300 months or

---

[1] OV 3 addresses physical injury to a victim, and the trial court must score 50 points if a "victim was killed," MCL 777.33(1)(b), and the "death results from the commission of a crime and the offense . . . involves the operation of a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive[,]" MCL 777.33(2)(c). Twenty-five points must be scored when a "[l]ife threatening or permanent incapacitating injury occurred to a victim[.]" MCL 777.33(1)(c). Our Supreme Court has held that 25 points is the correct score for OV 3 if the victim's death resulted from a crime and homicide is the sentencing offense. *People v Houston*, 473 Mich 399, 407; 702 NW2d 530 (2005).

life. MCL 777.61. As defendant acknowledges, a score of 25 points, instead of 50 points, for OV 3 was appropriate. The additional 25 points for OV 3 increased defendant's total OV score from 55 points to 80 points, but the additional points did not change defendant's placement in OV Level II (50-99 points), and thus had no effect on his sentencing guidelines range. Because the scoring error did not alter the appropriate guidelines range, defendant is not entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *People v Biddles*, 316 Mich App 148, 156; 896 NW2d 461 (2016). Consequently, even accepting that defense counsel's failure to object to the trial court's 50-point score for OV 3 was objectively unreasonable, defendant cannot show a reasonable probability that the result of the proceeding would have been different had counsel objected. *Nix*, 301 Mich App at 207. Consequently, defendant cannot establish a claim of ineffective assistance of counsel.

## III. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional claims in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. None of these claims have merit.

The issues raised in defendant's Standard 4 brief all challenge the credibility and reliability of the evidence presented at trial to establish his identity. Although presented in a different manner, defendant makes the same sufficiency-of-the-evidence arguments that we have already addressed, and rejected, in section I, *supra*. Further analysis of defendant's arguments is not necessary, and defendant's arguments do not establish any basis for appellate relief.

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause