*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LARRY TYRONE ASHBURN,

      Defendant-Appellant.

UNPUBLISHED
January 08, 2025
11:03 AM

No. 368328
Wayne Circuit Court
LC Nos. 22-000442-01-FH,
          22-004007-01-FC

Before: RIORDAN, P.J., and BOONSTRA and YATES, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his convictions, following a jury trial, of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1), and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b, for which he was sentenced to 4 to 10 years' imprisonment for the AWIGBH conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction.[2] We affirm.

## I. FACTUAL OVERVIEW

Defendant's convictions arise from the November 30, 2021 nonfatal shooting of Jaquane Royster as he was driving his car on a street in Inkster at approximately 11:30 p.m. The prosecutor theorized that, before the shooting, Royster and defendant were "doing some kind of cat and mouse game" with their vehicles. Royster was driving behind defendant's vehicle, which "was going real, real slow" before it came to a complete stop. Royster then "burned rubber" and sped past defendant's vehicle. As Royster drove by, he observed defendant and others exit the car. Shortly thereafter, as Royster was leaving the area, defendant, while driving his car, fired multiple gunshots at Royster's car from behind, ultimately striking Royster once in his lower back. Soon

---

[1] *People v Ashburn*, unpublished order of the Court of Appeals, entered March 11, 2024 (Docket No. 368328).

[2] Defendant does not challenge his convictions in the related case that was consolidated below, so we will not further discuss them.

after the shooting was reported, police officers located the suspect car and attempted to conduct a traffic stop. In turn, defendant, the sole occupant of the car, led several law enforcement officers on a high-speed chase before being apprehended. Ballistics testing showed that shell casings found at the crime scene matched a firearm found in defendant's father's house.

The defense asserted that Royster lied. In a written statement, defendant admitted that he fired a gun at Royster, but did so because Royster was following him.

## II. DEFENDANT'S CLAIM ON APPEAL

Defendant's sole argument on appeal is that the prosecution failed to present sufficient evidence beyond a reasonable doubt to establish defendant's identity as the shooter to sustain his conviction of AWIGBH. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Speed*, 331 Mich App 328, 331; 952 NW2d 550 (2020). When ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.84(1)(a) prohibits the assault of "another person with intent to do great bodily harm, less than the crime of murder." "The elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016) (quotation marks and citation omitted).

In this case, defendant does not challenge the elements of AWIGBH, only the sufficiency of the evidence to support his identity as the shooter. Identity is an essential element in a criminal prosecution, *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976), and the prosecution must prove the identity of the defendant as the perpetrator of a charged offense beyond a reasonable doubt, *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967). Positive identification by a witness or circumstantial evidence and reasonable inferences arising from it may be sufficient to support a conviction of a crime. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000); see also *Nowack*, 462 Mich at 400. The credibility of identification testimony is for the trier of fact to resolve, and this Court will not resolve it anew. *Davis*, 241 Mich App at 700.

Viewed in a light most favorable to the prosecution, the evidence was sufficient to establish defendant's identity as the shooter. Royster, the victim of the charged assault, unequivocally identified defendant as an occupant of the car from where the multiple gunshots fired upon him originated. In defendant's written statement, which defendant essentially ignores in his analysis, he admitted that that he fired a rifle at Royster. In particular, defendant claimed that Royster was

following him, "so [he] open fire. With a AK."[3] This evidence, if believed, was sufficient to establish defendant's identity as the shooter beyond a reasonable doubt. In addition to defendant's admission to shooting at Royster and Royster's positive identification of defendant being in the suspect car, the prosecution also presented evidence that shell casings at the scene where Royster was shot matched a firearm found at a house connected to defendant. Also, there was evidence that, soon after the shooting, defendant, who was the sole occupant of the suspect vehicle, attempted to evade capture by leading the police on an eight-minute high-speed chase before bolting from the car and fleeing on foot. This evidence further enhanced defendant's identity as the shooter. See *People v McGhee*, 268 Mich App 600, 613; 709 NW2d 595 (2005) ("Evidence of flight may be used to show consciousness of guilt.").

Defendant essentially argues that the evidence was insufficient to establish AWIGBH because there was no direct evidence that he was the shooter, and he emphasizes the implausibility of his being able to both drive a car and shoot out of the window. However, defendant's challenges, including what inferences could be drawn from the evidence, are related to the weight and credibility of the evidence, which were issues for the jury to resolve. *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). The jury heard from witnesses and evaluated defendant's written statement. The jury was free to accept or reject the theory of either party in light of the evidence presented at trial, and we will not interfere with the jury's role of determining issues of weight and credibility. *People v Baskerville*, 333 Mich App 276, 283; 963 NW2d 620 (2020). Further, defendant's reliance on his view of what inferences should be drawn from the evidence disregards that we are required to resolve all conflicts in the evidence in favor of the prosecution, *id*., that this deferential standard of review is the same whether the evidence is direct or circumstantial, *Nowack*, 462 Mich at 400, and that it is well established that "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime," *id*. (quotation marks and citation omitted). Applying these standards, sufficient evidence was presented to establish AWIGBH beyond a reasonable doubt, and we will not disturb the jury's verdict.[4]

## III. CONCLUSION

The prosecution presented sufficient evidence to prove defendant's identity as the shooter beyond a reasonable doubt. We affirm.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Christopher P. Yates

---

[3] Defendant makes no argument concerning the viability of his self-defense claim on appeal.

[4] While not specifically challenged by defendant, it necessarily follows that the evidence was sufficient to prove felony-firearm beyond a reasonable doubt as well. See MCL 750.227b.