*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

JOHN EDWARD KIRK,

　　　　　Defendant-Appellant.

UNPUBLISHED
February 19, 2019

No. 339258
Wayne Circuit Court
LC No. 16-007400-01-FC

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to 25 to 50 years in prison for the murder conviction, time served for the felon-in-possession conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. We affirm.

## I. BACKGROUND

Defendant's convictions arose from the fatal shooting of Jevonta Malone in Malone's Detroit home on July 19, 2016. The principal issue at trial was defendant's identity as the shooter. The prosecution presented evidence that, days before the shooting, defendant and Malone exchanged hostile Facebook messages. On the day of the shooting, Elisha Perry, a friend to both men, fell asleep while riding in defendant's car. When she awoke to the sound of gunfire, she found that defendant's car was parked just down the street from Malone's house and defendant was not in the car. Defendant then rushed into the car, breathing heavily, and stated that he "got that bitch-ass n-----." Malone died in his backyard, having been shot 10 times. After the shooting, defendant fled the state but police ultimately apprehended him in Indiana. At trial, the defense argued that the prosecution witnesses were unreliable, that no physical evidence linked defendant to the crime scene, and that defendant was misidentified.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution failed to present sufficient evidence to support his convictions by failing to establish his identity. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence supported a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the [trier of fact's] verdict." *Id*. (quotation marks and citation omitted). "Further, circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citations omitted).

Defendant does not challenge any of the specific elements of the offenses of which he was convicted but only argues that the prosecution failed to prove his identity as the shooter. Identity is an essential element in a criminal prosecution, *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976), and the prosecution must prove the identity of the defendant as the perpetrator of a charged offense beyond a reasonable doubt. *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967). Circumstantial evidence and reasonable inferences arising from that evidence can support a conviction of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (citation omitted). "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

Viewed in a light most favorable to the prosecution, the evidence supported the trial court's determination that the prosecution proved defendant's identity as the person who shot Malone. Evidence established that defendant and Malone exchanged hostile Facebook messages in which defendant's messages were threatening and indicated that he had a dispute with Malone. Perry's testimony established that defendant parked his car near Malone's house and returned to it after the shooting and essentially admitted to her that he shot Malone. Perry also testified that defendant cautioned her not to say anything. In addition to Perry's testimony, the prosecution presented evidence of Perry's and defendant's presence within the vicinity of the shooting. We hold that the circumstantial evidence presented by the prosecution provided a reasonable basis upon which the trier of fact, in this case, the trial court, could rationally conclude beyond a reasonable doubt that defendant shot Malone.

Defendant argues further that the evidence was insufficient to sustain his convictions because the prosecution presented no *direct* evidence that he was the person who shot Malone. When evaluating the sufficiency of the evidence, this Court must resolve all conflicts in the evidence in favor of the prosecution. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). This deferential standard of review is the same whether the evidence is direct or circumstantial. *Nowack*, 462 Mich at 400. We find no merit to defendant's argument because the prosecution established his guilt through circumstantial evidence. Moreover, to the extent that defendant challenges the weight of the evidence rather than its sufficiency, we will not interfere with the trier of fact's role of determining issues of weight and credibility. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). We hold that the prosecution presented sufficient evidence to convict defendant beyond a reasonable doubt.

## III. DENIAL OF DUE PROCESS

Defendant also argues that he was denied his constitutional right to due process because the prosecution failed to locate and produce a *res gestae* witness named Kenneth Salter who the prosecution listed as a witness and had subpoenaed but failed to appear at the trial. If the prosecution endorses a witness, it must exercise due diligence to produce the witness at trial. MCL 767.40a; *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). "The underlying purpose of the statute is to provide notice to the accused of potential witnesses." *People v Everett*, 318 Mich App 511, 518; 899 NW2d 94 (2017). "If a prosecutor fails to produce a witness who has not been properly excused, the trial court has discretion in fashioning a remedy for the violation of MCL 767.40a, which may include a missing witness instruction." *Id*. at 519.

Although defendant requested the adverse inference instruction, M Crim JI 5.12, as a result of Salter's failure to appear, he did not argue that Salter's failure to appear violated his constitutional right to due process. Therefore, we review defendant's unpreserved constitutional claim for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Under the plain error rule, defendant bears the burden to prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome or seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *Id*. (citation omitted).

In this case, after the prosecution rested, defense counsel informed the trial court that the defense wanted to call Salter but had not been able to locate him. The prosecution informed the trial court that it tried unsuccessfully to contact the witness for weeks. The trial court adjourned the trial and instructed the prosecution to assist the defense in locating Salter. When trial resumed more than a month later, Salter remained unavailable. Defense counsel requested that the trial court give itself the adverse instruction on witness unavailability. The trial court granted defendant's request, over the prosecutor's objection, and indicated that it would instruct itself as defendant requested. The record does not establish that plain error occurred. Therefore, defendant has failed to meet his burden. We hold that the trial court did not deny defendant his right to due process.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant alternatively argues that trial counsel provided him ineffective assistance by failing to investigate and locate Salter so that Salter could be called at trial. Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant bears the burden of establishing ineffective assistance by showing that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that defense counsel's performance prejudiced defendant because, but for defense counsel's defective performance, the result of the proceeding would have been different. *Id*. at 80-81. Defendant must prove the factual predicate of his ineffective assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

-3-

"The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation omitted). Similarly, defense counsel's failure to a call a witness is considered ineffective assistance only if it deprived the defendant of a substantial defense. *Id*. A substantial defense is one that might have made a difference in the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

The record reflects that defense counsel knew of Salter and demanded his appearance at trial but, despite the trial's adjournment and the prosecution's and defense counsel's efforts to locate Salter and hail him into court, Salter remained unavailable. Trial counsel requested that the trial court, as the trier of fact, instruct itself in accordance with the adverse inference instruction, which the court agreed to do. The record does not support defendant's contention that his counsel provided ineffective assistance. Defense counsel's conduct did not fall below an objective standard of reasonableness. Nothing in the record establishes that trial counsel could have done anything more to produce Salter and the adverse inference instruction properly remedied the inability of the prosecution to produce him as a witness. *Everett*, 318 Mich App at 519. Therefore, defendant is not entitled to a new trial on the basis of ineffective assistance of counsel.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford

-4-